DECISION
{¶ 1} Plaintiff-appellant, Charles R. Evans, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, journalized on March 27, 2003. Therein, the trial court noted that, over appellant's objection, it had granted the request of defendant-appellee, Christina K. Evans (n.k.a. Klaeger), for a continuance of a hearing on appellee's motion to enforce contempt orders that had been scheduled to occur the previous day.
 {¶ 2} In addition to granting a continuance of the previous day's hearing, in its March 27, 2003 judgment entry, the trial court attempted to modify and/or clarify certain substantive findings and orders contained in the December 23, 2002 judgment entry in which the court found appellant in contempt of its previous orders. This attempt to modify the December 23, 2002 judgment entry occurred during the pendency of an appeal from that entry.[1]
 {¶ 3} On appeal in case Nos. 03AP-12 and 03AP-80, appellant presented 11 assignments of error respecting all of the substantive findings and orders of the trial court contained in the December 23, 2002 judgment entry. In our decision, this court determined that the trial court erred in refusing to consider appellant's request for appointed counsel for purposes of the contempt hearing. Thus, the substantive findings and orders of the trial court contained in the December 23, 2002 judgment entry were reversed in their entirety, and the matter was remanded with instructions for the trial court to hold a new hearing, and to consider appellant's request for appointed counsel for purposes of same.
 {¶ 4} In the instant appeal, appellant presents two assignments of error for our review, as follows:
ASSIGNMENT OF ERROR I
The Trial Court Erred Where Jurisdiction Obtains in the Tenth Appellate District Court Pursuant to the Jurisdictional Priority Rule Where the Trial Court Materially Changed a Previous Order That Was Properly Pending Appellate Review.
ASSIGNMENT OF ERROR II
The Trial Court Erred Where a Contempt Enforcement Hearing Held March 26, 2003 pursuant to a Motion to Enforce and Order to Appear filed March 5 and 10, 2003, respectively, was Improperly Continued by the Trial Court Over the Objection of Plaintiff Charles Evans, and Not Dismissed as Prejudicial which Denied Plaintiff Due Process under the Federal and State Constitutions, For the Purge Time Specified in the December 23, 2003 Decision and Entry Had NOT Yet Tolled Where the Decision Provided for a Purge Date of April 1, 2003.
 {¶ 5} In his first assignment of error, appellant argues that the trial court erred in making substantive changes to its December 23, 2002 judgment entry while an appeal from that judgment entry was pending in this court. We agree. When a party appeals from a judgment of the trial court, "the trial court retains all jurisdiction not inconsistent with the court of appeals' jurisdiction to reverse, modify, or affirm the judgment." Yee v. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43, citing In re Kurtzhalz (1943), 141 Ohio St. 432, paragraph two of the syllabus. It is clear that the trial court's March 27, 2003 modifications to the December 23, 2002 judgment entry were inconsistent with this court's jurisdiction to reverse, modify, or affirm the judgment. Accordingly, appellant's first assignment of error is sustained.
 {¶ 6} In his second assignment of error, appellant complains that the trial court sustained a motion for continuance of the March 26, 2003 hearing on appellee's motion to enforce, over appellant's objection. This assignment of error is moot, as this court, in its earlier decision, ordered a rehearing on the motion for contempt that gave rise to the orders upon which appellee based her motion to enforce. Accordingly, appellant's second assignment of error is overruled as moot.
 {¶ 7} Appellant's first assignment of error is sustained and his second assignment of error is overruled as moot. The judgment is reversed, and the matter is remanded to the Franklin County Court of Common Pleas, Division of Domestic Relations, for further proceedings.
Judgment reversed; cause remanded.
BRYANT and WATSON, JJ., concur.
[1] That appeal bore case Nos. 03AP-12 and 03AP-80.