OPINION
{¶ 1} Plaintiff-appellant, Charles R. Evans, appeals from two judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, in post-decree proceedings arising from appellant's divorce from appellee, Christina Klaeger, fka Evans.
 {¶ 2} This case has an extensive procedural history which will be reiterated only to the extent necessary to establish the posture of the present appeal.[1] The parties were married in 1993 and one child, Hannah, was born of the union in 1994. Appellant filed his complaint for divorce in 1996. In 1998, a magistrate ordered appellant to pay child support in the amount of $759.40 per month and denied appellant's motion for shared parenting, designating appellee as the residential parent and legal custodian of Hannah. The trial court entered the final judgment entry and decree of divorce on July 27, 2000 overruling, inter alia, appellant's objections to the magistrate's decision regarding the allocation of parental rights and responsibilities. A nunc pro tunc judgment was entered on December 23, 2000, to correct clerical errors in the July 27, 2000 entry. On December 22, 2000, the trial court conducted a hearing on a pending motion by appellee to find appellant in contempt for noncompliance with the court's prior orders concerning visitation and child support, and appellant was sentenced to ten days incarceration in the Franklin County jail. In a subsequent appeal to this court, we held that since appellant had completely served the ten-day sentence imposed for contempt, his appeal on the contempt finding was moot. We also held that appellant had not suffered any prejudicial error from the trial court's failure to allow the cross-examination of the guardian ad litem at trial. Evans v. Evans (Sept. 20, 2001), Franklin App. No. 00AP-1459.
 {¶ 3} Conflicts continued on the question of child support and custody determinations regarding Hannah. On December 23, 2002, the trial court disposed of various such issues concerning the previous awards of support and attorney fees payable by appellant. Appellant was found in contempt for failure to pay child support as ordered in the decree. The court further found that appellant had suffered a change of circumstances due to a decline in his business, and that the previous child support order should consequently be modified to reduce the amount payable. The court found that appellant's claimed disability due to a fall from a roof did not establish that he was totally disabled and unable to work, and accordingly imputed an annual income of $32,000 to appellant despite his assertion that his actual income was much less. The court set the new amount of child support at $373.62 per month. The court imposed a sanction of 30 days on each contempt count, suspended on the condition that appellant pay his current child support obligation regularly and make additional payments for arrearages and accumulated attorney fees.
 {¶ 4} On appeal to this court, we reversed the contempt finding based upon the failure to provide appellant with appointed counsel to defend the contempt motion. The substantive issues raised in the appeal were otherwise found to be mooted by our determination of the contempt question, and the matter was remanded to the trial court for a new hearing. Evans v. Evans, Franklin App. No. 03AP-313, 2003-Ohio-6304.
 {¶ 5} Upon remand, the trial court held a new hearing at which it considered, pursuant to a stipulation by the parties, all exhibits and testimony from the 2002 hearing. The court also allowed additional testimony by appellant and a representative from the Franklin County Child Support Enforcement Agency. The court refused, however, to admit a deposition proffered by appellant of appellant's family physician describing appellant's physical limitations resulting from his fall. The trial court rendered a decision and entry on August 11, 2004, again finding appellant in contempt for nonpayment of his child support obligation. The court set the arrearages at $43,241.74 as of April 13, 2004 and again set a modified support amount of $373.62 per month. The court ordered appellant to liquidate the child support arrearage at the rate of 20 percent of the ongoing child support order in order to purge himself of the contempt finding. The court set an enforcement hearing for October 13, 2004, and ordered appellant to pay to appellee attorney fees of $750 related to the latest contempt action.
 {¶ 6} At the subsequent hearing on October 13, 2004, the court entered judgment finding appellant in noncompliance with the court's prior August 11, 2004 decision and entry, but imposed no penalty.
 {¶ 7} Appellant has timely appealed from the August 11 and October 13, 2004 entries. The two appeals have been docketed under separate case numbers by this court but consolidated for argument and disposition. Appellant brings the following assignments of error in case No. 04AP-1208:
ASSIGNMENT OF ERROR I:
The Trial Court Erred Finding Appellant in Noncompliance of a Contempt Finding at a Review/Enforcement hearing by Failing to Consider Appellant's Inability to Pay and Where the Trial Court's Judgment Was Arbitrary and Unreasonable Where the Record Reflects:
(1) No Testimony, Cross-Examination of Testimony, or Evidence was Submitted Challenging Appellant's Inability to Pay Pursuant to His Verified Permanent Physical Disability.
(2) No Testimony was Presented Contrary to Appellant's Affirmative Defense of His Inability to Pay and Where Appellant was Paying Within His Means.
(3) Appellant was Found to be Indigent by the same Domestic Relations Court pursuant to Remand Requiring the Appointment of an Attorney Where Appellant Was Without Funds to Retain an Attorney in a Contempt Proceeding, as well as, Numerous Entrys of Indigency Filed in the Domestic Relations Court Record.
ASSIGNMENT OF ERROR II:
The Trial Court Erred Finding Appellant Failed to Pay an Attorney Fee Award, Pursuant to a Contempt Finding at a Review/Enforcement Hearing, by Failing to Consider Appellant's Inability to Pay Where the Trial Court's Judgment Was Arbitrary and Unreasonable Where the Record Reflects:
(1) No Testimony, Cross-Examination of Testimony, or Evidence was Submitted Challenging Appellant's Inability to Pay Pursuant to His Verified Permanent Physical Disability.
(2) No Testimony was Presented Contrary to Appellant's Affirmativef. Defense of His Inability to Pay and Where Appellant was Paying Within His Means.
(3) Appellant was Found to be Indigent by the same Domestic Relations Court pursuant to Remand Requiring the Appointment of an Attorney Where Appellant Was Without Funds to Retain an Attorney in a Contempt Proceeding, as well as, Numerous Entrys of Indigency Filed in the Domestic Relations Court Record.
Appellant's assignments of error in case No. 04AP-816 are as follows:
ASSIGNMENT OF ERROR I:
The Trial Court Abused Its Discretion Denying Appellant a Finding By a Preponderance of the Evidence of Appellant's Medical Physical Disability Where the Record Reflects There Was: (1) No Objection to Any Evidence Submitted and Accepted by the Trial Court; (2) No Cross Examination of Testimony Regarding Appellant's Permanent Physical Disability or the Evidence Submitted, and (3) No Testimony Presented Contrary to Appellant's Documented Medical Disability.
ASSIGNMENT OF ERROR II:
The Trial Court Erred Finding Appellant in Contempt by Failing to Consider Appellant's Inability to Pay and Where the Trial Court Made Multiple Subsequent Findings of Appellant's Indigency and Inability to Pay in Separate Orders.
ASSIGNMENT OF ERROR III:
The Trial Court's Award of Attorney Fees to Opposing Counsel is Improper based Upon Appellant's Indigent Status Where Appellant has been Found Indigent by the Trial Court (and Other Courts) and Where the Trial Court Appointed Counsel Due to Appellant's Indigency for this Specific Remand (due to Appellant's indigency and the legal requirement that counsel be appointed to indigent litigants facing prospective incarceration).
ASSIGNMENT OF ERROR IV:
The Trial Court Erred By Failing to Make the Predicate Finding That Appellant Was Either Voluntarily Unemployed or Voluntarily Underemployed Before Imputing Income To Appellant.
ASSIGNMENT OF ERROR V:
The Trial Court Erred By Not Providing a Child Support Computation Worksheet.
(Emphasis sic.)
 {¶ 8} As an initial matter, we note that, although the basis for a prior remand was the lack of access to counsel in the initial contempt proceeding involving appellant, and appellant did in fact receive the benefit of appointed counsel in the hearing upon remand, appellant has not requested counsel in the present appeal and is proceeding pro se. In the absence of any request by appellant for counsel, the absence of such counsel in an appellate proceeding in which appellant might otherwise be entitled to appointed representation is deemed waived by this court. Appellant has a long history of pro se litigation in various courts and has demonstrated in his prior appeal that he is fully knowledgeable regarding his entitlement to counsel in certain contempt proceedings. His decision to proceed pro se in this appeal is accordingly deemed a knowing and intelligent waiver of representation.
 {¶ 9} As a second preliminary matter, we find that several of appellant's assignments of error are procedurally deficient and must be overruled on their face. App.R. 16(A)(3) requires an appellant to state in connection with each assignment of error the place in the record where the alleged error occurred. Appellant's fourth and fifth assignments of error in case No. 04AP-816 specifically and explicitly reference, when attempting to comply with the mandates of App.R. 16(A)(3), error occurred in the trial court's December 23, 2002 decision and entry. That judgment of the trial court was overruled in its entirety by our November 13, 2003 decision and any error occurring therein cannot form the basis for an appeal as the judgment is no longer effective in any event. Appellant's fourth and fifth assignments of error in case No. 04AP-816 thus do not reference any error to be found in the record and are accordingly overruled.
 {¶ 10} In contrast, appellant's second assignment of error in case No. 04AP-816 references both the December 23, 2003 decision and the trial court's August 11, 2004 decision. To the extent that this assignment of error references, at least in part, an appealable judgment, it will be addressed on the merits.
 {¶ 11} We will now proceed to address the remaining assignments of error in numerical order. We will first address appellant's two assignments of error in case No. 04AP-1208, which is brought from the trial court's October 13, 2004 judgment. That particular judgment by the trial court found appellant in noncompliance with the prior contempt finding, but did not impose a penalty or otherwise change the terms of the August 11, 2004 judgment. "Contempt of court consists of two elements. The first is a finding of contempt of court and the second is the imposition of a penalty or sanction, such as a jail sentence or fine. Until both a finding of contempt is made and a penalty imposed by the court, there is not a final order. The mere adjudication of contempt is not final until the sanction is imposed." Chain Bike Corp. v. Spoke 'NWheel, Inc. (1979), 64 Ohio App.2d 62, 64; see, also, Roberts v.Roberts (July 20, 1995), Franklin App. No. 95APF01-33. Because the trial court imposed no penalty for appellant's noncompliance with the prior court orders, the October 13, 2004 judgment is not ripe for appellate review. Appellant's two assignments of error in case No. 04AP-1208 are accordingly overruled.
 {¶ 12} We now turn to appellant's remaining assignments of error in case No. 04AP-816 from the trial court's August 11, 2004 judgment. Appellant's first assignment of error in this appeal asserts that the trial court erred in finding that appellant had not proven by a preponderance of the evidence that he was disabled and unable to work based on the medical evidence submitted by appellant. Appellant also asserts that the trial court erred in refusing to admit the deposition testimony of Dale A. Michalak, M.D., appellant's family physician.
 {¶ 13} Prior to the October 16, 2002 hearing, appellant tendered as evidence a series of medical records purporting to support appellant's permanent physical disability arising from his fall off of a roof and a resulting back injury. These records were considered by the court at the 2002 hearing and therefore subsequently admitted by stipulation at the 2004 hearing giving rise to the present appeal. The court declined to admit some additional evidence for the 2004 hearing on the basis that the remand from this court limited the court's scope of evidence to materials and circumstances prevailing at the time of the October 16, 2002 hearing. Appellant's argument is essentially that the trial court's judgment was against the manifest weight of the evidence because no contrary evidence regarding appellant's physical condition and ability to work was received by the court.
 {¶ 14} The court did have before it a letter by Dr. Michalak, appellant's primary care physician, dated August 7, 2002, summarizing appellant's condition resulting from his fall off a roof:
Mr. Charles Evans is currently under my care for right neck pain and stiffness, with radiation to the right shoulder. These symptoms are the result of an injury 05/27/01. MRI revealed a C 3-4 foraminal stenosis. Exam is consistent with these findings. He is advised to work only 5-6 hour days up to 30 hours per week for management of symptoms. This condition is expected to be chronic in nature.
 {¶ 15} Also considered by the court and present in the record is a letter by Gregory Z. Mavian, D.O., who examined appellant at the request of Ahmed Riaz, M.D. Dr. Mavian is a neurosurgeon. Dr. Mavian examined appellant personally and reviewed a previous MRI. Dr. Mavian noted from the MRI a "right foraminal stenosis, C3-4 with severe left foraminal stenosis, C4-5, C5-6 and to a lesser extent C6-7. A disc herniation with spur is being described at C4-5 on the left." The physical examination by Dr. Mavian yielded the following results:
On physical exam, the patient sits comfortably on the examination table, has a normal affect and acute pain is not demonstrated. There is no obvious cervical guarding. There is no clubbing of the nail beds, cyanosis, joint effusion or trophic changes of the upper extremities. Sensory testing in the upper limbs to pinprick and temperature is found to be present without deficit and motor testing is found to be free of any pain inhibition or weakness. There were no muscle groups in the upper limbs found to have deficits. Reflexes were sluggish to + 1 biceps, triceps, brachioradialis and equal; Tinel's sign over the median nerve was not remarkable. Hoffmann's sign of the upper extremities is not noted. Range of motion of the wrists, elbows and shoulders is full but on hyperabducting his right shoulder behind his arm, he feels anterior right shoulder discomfort mildly which is also tender on palpation. Cervical range of motion appears to be minimally restricted and uncomfortable in the right cervicodorsal area and Spurling's compression maneuver causes right cervicodorsal myalgia without radicular symptoms. Deformities of the cervicodorsal spine are not noted.
 {¶ 16} Apparently, based on appellant's own statements, Dr. Mavian noted: "At this time, the patient continues to work full time without any absence from work more recently."
 {¶ 17} Dr. Mavian concluded with the following clinical impression:
1) Post-traumatic cervical myofacial dysfunction with right cervical-shoulder pain; this certainly could be related to the C3-4 right-sided foraminal spur.
2) Rule out right shoulder ligamentous injury[.]
Dr. Mavian made no recommendation as to work limitations or degree of impairment.
 {¶ 18} Also present in the record are documents related to a workers' compensation claim and physical therapy treatments from two different providers at Workhealth and Grant/Riverside Physical Rehabilitation Centers. None of these specifically assert any long-term employment limitations upon appellant.
 {¶ 19} Appellant initially argues that the trial court erred in refusing to admit additional evidence in the form of a deposition of Dr. Michalak. This deposition was proffered and is in the record upon appeal. Coupled with the deposition was an additional letter by Dr. Michalak providing as follows:
Please allow me to clarify the medical condition of Charles Evans. He [sic] injuries resulted from a fall 5/26/2001. Although he did suffer fractured ribs, the ongoing disability is a C3-4 foraminal stenosis which caused neck pain, shoulder pain, and numbness and tingling radiating to the right arm. This condition was verified by MRI. He has had physical therapy and consultation with a Neurosurgeon, who concluded that surgery was not necessary. Mr. Evans can supply these documents if desired.
Due to his condition, he has been advised to work no more than 30 hours per week. Therefore, his income should reflect a ¾ work week as compared with the average worker. Due to the longevity of this injury, it is my belief that this condition is permanent.
 {¶ 20} It is not clear whether the trial court considered the second letter from Dr. Michalak dated March 14, 2003, in addition to the first dated August 7, 2002. In any event, the second letter and the contents of the deposition testimony provided by Dr. Michalak are entirely duplicative of that contained in the August 7, 2002 letter regarding the information provided about appellant's physical condition. Moreover, to the extent that the March 14, 2003 letter advises that "his income should reflect a ¾ work week as compared with the average worker," this was a legal conclusion that was clearly beyond the purview of a treating physician to make. Because the deposition testimony is entirely duplicative of the medical conclusions contained in Dr. Michalak's letter, no prejudice to the appellant devolved from the trial court's refusal to admit the deposition, whatever the grounds stated by the trial court.
 {¶ 21} None of the documentary evidence submitted by appellant portrayed employment impairment of the degree claimed by appellant as justifying a further reduction in the amount of child support payable. It must be noted that the trial court did, in fact, reduce appellant's child support significantly from the amount initially ordered in the divorce decree. While appellant's own testimony regarding his inability to continue to operate his own salsa business due to his physical injury went much further than the medical evidence found in the record, the trial court was not obligated to accept that testimony, even if uncontroverted, in its entirety. A trier of fact is free to believe all, part of, or none of a witnesses' testimony based upon the trier of fact's assessment of the witnesses' credibility. McKay Machine Co. v. Rodman
(1967), 11 Ohio St.2d 77, 82; see, also, State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973. The trial court's own assessment of appellant's credibility undoubtedly reflects an extension of its prior judgments in this matter, including the initial divorce decree that was never appealed, in which the court concluded that appellant's employment circumstances justified an imputation of income due to his ability to control his own business and structure his income to his advantage. While the trial court accepted in part appellant's argument that his injury and a loss of business should support a reduction in child support, the factors that supported imputation of income in the case remain present, and the trial court's determination that appellant is not, as he asserts, disabled to the extent that he is unable to pay the child support ordered is supported by competent, credible evidence and is not against the manifest weight of the evidence. We, accordingly, find appellant's first assignment of error in case No. 04AP-816 to be without merit.
 {¶ 22} Appellant's second assignment of error in case No. 04AP-816 asserts that the trial court erred in finding appellant in contempt for nonpayment of his support obligations because the court failed to consider appellant's inability to pay. Appellant argues that he has been found indigent for purposes of obtaining appointed counsel and transcripts at court expense, and that this finding of indigency is a judicial determination that he is unable to pay. Likewise, appellant's third assignment of error argues on the same basis that the trial court erred in awarding $750 in attorney fees to appellee in the latest hearing.
 {¶ 23} Appellant advances no authority for the proposition that a court's determination of indigency for purposes of appointing counsel, waiving fees, and providing a transcript at state expense will constitute a preclusive finding of actual indigency on the part of a litigant, thereby excusing him from performance of court-ordered financial obligations. The determination of indigency in this respect is typically granted liberally in order to preserve the due process rights of litigants and guarantee an access to judicial process and representation. If the outcome of that judicial process results in a determination by the court that the litigant has an actual ability and obligation to pay child support of a stated amount, then the determination of indigency for purposes of appointment of counsel and waiver of filing fees has served its purpose in allowing the trial court to make an ultimate determination on the merits while preserving appellant's due process rights to participate in an adversarial proceeding before the court and present his case. Appellant cannot establish his purportedly insufficient income through these arguments as a means of disputing his proper child support obligation as found by the court. These prior findings of indigence by the court purely for purposes of ensuring appellant's constitutional right of access to the courts simply are not determinative of the issue. Appellant's second and third assignments of error in case No. 04AP-816 are accordingly overruled.
 {¶ 24} In accordance with the foregoing, appellant's first, second and third assignments of error in case No. 04AP-816 are overruled on their merits, and the fourth and fifth assignments of error in that appeal are overruled because they assert error in a judgment of the trial court that is no longer subject to review. Appellant's two assignments of error in case No. 04AP-1208 are not ripe for review by this court in the absence of a penalty imposed by the trial court. The August 11 and October 13, 2004 judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, are affirmed in all respects.
Judgment affirmed.
Sadler and McGrath, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
[1] Appearances before this court in this matter include, inter alia,Evans v. Evans (Sept. 20, 2001), Franklin App. No. 00AP-1459; Evans v.Evans, Franklin App. No. 03AP-12, 2003-Ohio-6073; and Evans v. Evans,
Franklin App. No. 03AP-313, 2003-Ohio-6304.