{¶ 1} This is an appeal of a decision to grant summary judgment in favor of the defendants in a tort action. We dismiss this appeal because it was filed out of rule pursuant to App.R. 4.
 {¶ 2} On January 19, 2001, Appellant, Nawaz Ahmed, filed a civil complaint in the Belmont County Court of Common Pleas against Belmont County and Sheriff Thomas McCort ("Appellees"), for alleged torts committed during separate criminal proceedings pending against Appellant in Belmont County. The trial court granted summary judgment to Appellees in a judgment entry signed on January 25, 2002. The judgment entry was filed with the clerk of the court on January 28, 2002. The entry disposed of all issues in the case and dismissed the complaint with prejudice. The entry also stated that it was a final appealable order. The court's judgment was recorded as a journal entry in the court's docket, and the docket shows that a copy was sent to Appellant.
 {¶ 3} On February 13, 2002, Appellant filed a pro se document entitled "Combined Motions to a) Reconsider Summary Judgment of 1-28-02 b) Motion for New Trial c) Motion for Relief from Judgment/Order d) Motion to Reopen Judgment e) Motion to Strike Porter Affidavit being made in bad faith."
 {¶ 4} Appellant filed a Notice of Appeal on March 4, 2002.
 {¶ 5} Although Appellant was pursuing his litigation pro se, he continues to be subject to the procedural and jurisdictional rules governing Ohio's courts. "It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." Sabouri v. Ohio Dept. of Job Family Serv. (2001),145 Ohio App.3d 651, 654, 763 N.E.2d 1238.
 {¶ 6} Appellee argues that Appellant's appeal was filed beyond the thirty-day time limit set by App.R. 4 and that this Court has no jurisdiction to hear the appeal. Appellee is correct in its argument.
 {¶ 7} App.R. 4(A) states:
 {¶ 8} "(A) Time for appeal
 {¶ 9} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 10} Appellant had thirty days from January 28, 2002, to file his appeal in this civil case. This means that Appellant had until Thursday, February 27, 2002, to file such notice. The appeal was not filed until March 4, 2002.
 {¶ 11} A notice of appeal filed beyond the time limits set by App.R. 4 constitutes a jurisdictional defect in the appeal. Donofrio v.Amerisure Ins. Co. (1990), 67 Ohio App.3d 272, 276, 586 N.E.2d 1156. This means that the reviewing court is without authority to resolve the issues raised in the appeal. State ex rel. Pendell v. Adams Cty. Bd. ofElections (1988), 40 Ohio St.3d 58, 60, 531 N.E.2d 713. "[I]f the court has no jurisdiction over a matter, it has no choice but to dismiss the case, since it does not have the power or authority to review the issues involved." Serenity Recovery Homes, Inc. v. Somani (1998),126 Ohio App.3d 494, 498-499, 710 N.E.2d 789.
 {¶ 12} App.R. 4(B)(2) contains some exceptions to the thirty-day filing rule:
 {¶ 13} "(2) Civil or juvenile post-judgment motion. In a civil case or juvenile proceeding, if a party files a timely motion for judgment under Civ.R. 50(B), a new trial under Civ.R. 59(B), vacating or modifying a judgment by an objection to a magistrate's decision under Civ.R. 53(E)(4)(c) or Rule 40(E)(4)(c) of the Ohio Rules of Juvenile Procedure, or findings of fact and conclusions of law under Civ.R. 52, the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered."
 {¶ 14} The only App.R. 4(B)(2) exception that Appellant listed in his February 13, 2002, motion was a Civ.R. 59 motion for new trial. The fact that Appellant labeled his motion as a "motion for new trial," though, does not automatically mean that the motion extended the time for filing an appeal. Summary judgment is not a "trial" under Civ.R. 59(B)(2), and motion for new trial is inapplicable to a judgment entry granting summary judgment:
 {¶ 15} "[T]he proper test for determination of whether a proceeding is a trial, subject to a Civ.R. 59 motion for a new trial, is an inquiry that focuses on the substance of the proceeding rather than on its form. A proceeding is considered a trial for purposes of Civ.R. 59 when the indicia of trial substantially predominate in the proceeding.
 {¶ 16} "* * *
 {¶ 17} "A grant of summary judgment, however, is very different from the contempt hearing at issue in this case. Summary judgment involves resolution of a case exclusively on documents. There are, therefore, very few indicia of trial in a grant of summary judgment and it is properly treated differently as a consequence." First Bank ofMarietta v. Mascrete, Inc. (1997), 79 Ohio St.3d 503, 507-509,684 N.E.2d 38.
 {¶ 18} The Ohio Supreme Court has clearly held that: "[A] summary judgment proceeding is not a trial but rather is a hearing upon a motion. Since a summary judgment proceeding is not a trial, a motion for a new trial does not properly lie." L.A. D., Inc. v. Lake Cty. Bd.of Commrs. (1981), 67 Ohio St.2d 384, 387, 423 N.E.2d 1109. Therefore, Appellant's motion for a new trial filed on February 13, 2002, did not toll the time for filing an appeal.
 {¶ 19} Appellant argues that he actually filed his appeal on February 25, 2002. The document Appellant refers to is labeled as "Pre-mature Notice of Appeal." The document was filed on March 12, 2002, which is later than the date the original notice of appeal was filed. Although Appellant believes that certain notes in the margin of the document indicate that it was filed earlier, the very clear file stamp of the Clerk of Courts of Belmont County indicates that it was filed on March 12, 2002. Therefore, this document does not indicate a timely filed appeal.
 {¶ 20} Because Appellant's appeal was filed out of rule, we have no jurisdiction and the appeal is hereby dismissed.
Appeal dismissed.
Donofrio and DeGenaro, JJ., concur.