[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} This is an appeal of a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which, inter alia, ruled upon a contempt motion by defendant-appellee, Christina Klaeger (f.k.a. Evans), against plaintiff-appellant, Charles R. Evans, in this action arising out of the parties' July 2000 divorce.
 {¶ 2} These parties are familiar to the court, having been involved in several prior appeals in matters directly and indirectly related to the divorce.[1] Briefly, the main areas of contention revolve around determinations of child support benefiting the parties' daughter, Hannah, born as issue of the marriage in June 1994, and contempt motions based upon non-payment of support. According to appellant, difficulties with his salsa manufacturing business, as well as a physical disability stemming from an injury, have rendered him incapable of meeting the support obligations previously imposed upon him. He further maintains that the trial court failed to follow appropriate procedures in determining arrearages, in finding him in contempt for failure to meet his support obligations, and in setting forth methods for him to purge his contempt. In response, appellee has filed a pro se statement in which she indicates that defending appellant's "vexatious litigation" has depleted her resources to the extent that she can no longer afford to retain legal assistance, and pleads for this court to "give us back some normalcy to our lives and have him cease the con[s]tant harassment."
 {¶ 3} By its decision and entry of December 23, 2002, the trial court attempted to resolve several pending issues:
1. The court determined that the $24,000 in attorney fees ordered to be paid to appellee in a previous judgment by a visiting judge were not appealed or subject to a Civ.R. 60(B) motion.
2. The court found appellant to have been in contempt for failure to pay child support as ordered in the final judgment decree of divorce for the period of time until December 2000, when appellant was incarcerated on a previous contempt charge.
3. The court found there was a change in circumstances by way of appellant losing a business account due to his incarceration, and, despite the lack of a motion for modification of support, modified the child support order.
4. The court found appellant did not prove he was disabled and unable to work, and imputed an annual income of $32,000 to appellant, and then determined child support would be $373.62 per month plus processing fee.
5. The court determined that the $24,000 in attorney fees previously ordered had not been subject to appeal or 60(B) motion and so could not be changed, and found appellant in contempt for failure to pay.
6. The court stated that, "[b]ased on the findings of the incomes of the parties and the fact that hearings have been continued which included a 20 day trial for custody, the Court cannot find any reason to have the plaintiff pay any of the defendant's attorney fees for litigation costs."
7. The court awarded $1,500 to appellee for the two current contempt motions.
8. The court then imposed the sanction of 30 days incarceration on each count, suspended on the condition that appellant pay child support on a regular basis or stay current and that he pay half the attorney fees by April 2003 and the other half by October 2003.
This portion of the decision states:
* * * Also, the Court hereby sentences the plaintiff to 30 days incarceration on each count and that will be suspended on the condition that the plaintiff pay child support on a regular basis or stay current in his child support, and that one-half of the attorney fees are to be paid by April 1, 2003, the balance by October 1, 2003, unless otherwise agreed by the parties. Repayment of any arrearage will be heard January 14, 2003, at 9:00 a.m. at plaintiff's modification and visitation hearing.
Plaintiff to pay costs for these contempt motions.
 IT IS SO ORDERED. {¶ 4} Appellant now assigns the following as error:
 ASSIGNMENT OF ERROR I
The trial court erred where the decision does not properly provide appellant the ability to purge an unspecified arrearage.
 ASSIGNMENT OF ERROR II
The trial court erred where failure to provide notices required by R.C. 2705.031(B)(1) and (C) are mandatory pursuant to the October 19, 1998 motion of defendant, Christina K. Evans for contempt for the non-payment of child support.
 ASSIGNMENT OF ERROR III
The trial court erred where the certified record proves no return of personal service of the original October 19, 1998 motion for contempt.
 ASSIGNMENT OF ERROR IV
The trial court erred by denying appellant, an indigent alleged contemnor, the right to counsel in a hearing for contempt where a jail sentence may be imposed.
 ASSIGNMENT OF ERROR V
The trial court abused its discretion denying appellant a finding by a preponderance of the evidence of appellant's verified medical physical disability pursuant to R.C. 3113.215(B)(7)(a) where there was absolutely no objection nor any evidence to the contrary.
 ASSIGNMENT OF ERROR VI
As a matter of law the trial court failed to follow the technical requirements of R.C. 3113.215(B)(7)(a) denying appellant an affirmative finding of his verified medical physical disability.
 ASSIGNMENT OF ERROR VII
The trial court erred by not providing a child support computation worksheet.
 ASSIGNMENT OF ERROR VIII
The trial court erred at the time of imposing sentence by failing to consider appellant's inability to pay and where the trial court made a subsequent finding of appellant's indigency and inability to pay in a separate order two weeks later.
 ASSIGNMENT OF ERROR IX
The trial court erred by failing to make the predicate finding that appellant was either voluntarily unemployed or voluntarily underemployed before imputing income to appellant.
 ASSIGNMENT OF ERROR X
The trial court did not have personal or subject matter jurisdiction in the post-decree hearing where the judge admitted on the record that he had not taken an oath of office.
 ASSIGNMENT OF ERROR XI
The trial court erred by failing to address the doctrine of laches where appellant addressed and met both elements of (1) unreasonable delay and (2) the delay materially prejudiced appellant.
 {¶ 5} Appellant's second and third assignments of error are related and will be addressed together. By these assignments of error, appellant argues he was not timely served with the October 1998 motion for contempt, and that appellee failed to comply with the notice requirements of R.C. 2705.031.[2] Regardless of whether appellant was served properly in 1998, appellant admits that one week prior to the hearing on the motion, in October 2002, appellant was served and received a copy of a summons document that met the requirements of R.C. 2905.031. Thus, appellant was properly served and any prior defects in service were corrected prior to the hearing.
 {¶ 6} Appellant's reliance on Benjamin v. Benjamin (Dec. 30, 1997), Franklin App. No. 97APF07-875, is misplaced. In Benjamin, this court held the failure of the trial court to give appellant notice of the penalties for contempt deprived him of due process. Here, appellant admitted receiving a notice that complied with R.C. 2705.031 and included the potential penalties for contempt. Because we conclude that, under these facts, appellant had proper notice of the contempt hearing, we overrule his second and third assignments of error.
 {¶ 7} Appellant's fourth assignment of error claims that the trial court erroneously denied him the right to counsel in his contempt hearing. When facing a contempt charge of this nature, the accused is entitled to be represented by counsel. See, e.g., Pirtle v. Pirtle (July 20, 2001), Montgomery App. No. 18613; In re Contemnor Caron (2000),110 Ohio Misc.2d 58, 113. The valid waiver of a right to counsel will not be presumed from a silent record. Garfield Hts. v. Brewer (1984),17 Ohio App.3d 216, 217.
 {¶ 8} The transcript reveals that appellant appeared pro se and asked the trial court whether this was a contempt hearing, to which the court replied affirmatively. Appellant then explicitly stated that he was not waiving his right to an attorney. In overruling appellant's motion to dismiss the contempt motion, the court appears to have completely ignored this statement. In order to satisfy due process requirements, the court should have taken evidence on the issue of whether to grant a continuance to allow appellant to obtain counsel, which, pursuant to R.C.2705.031(C)(3), would have involved a determination of whether appellant had made a good faith effort to retain counsel prior to the contempt hearing. In the alternative, the trial court should have conducted a hearing on the question of whether appellant was indigent and, if so, should have appointed counsel for him. By failing to address appellant's request for counsel, and by proceeding with the hearing on the face of appellant's objection, the trial court erred, regardless of the fact that the ultimate order of the court did not require appellant immediately to serve jail time, but, rather, suspended appellant's sentence on the condition that appellant would pay support or stay current in his support and pay appellee's attorney fees. Thus, we sustain appellant's fourth assignment of error.
 {¶ 9} Given our disposition of appellant's fourth assignment of error, and the necessity of remanding this matter, appellant's fifth, sixth, seventh, eighth, ninth and eleventh assignments of error, which, inter alia, find fault with various findings arising out of calculation of the child support arrearage, are overruled as moot.
 {¶ 10} Appellant's tenth assignment of error charges the trial court lacked personal and subject matter jurisdiction because, as a visiting judge, he did not take an oath of office prior to adjudicating appellant's case. This assignment is overruled on the basis of our previous decision in Evans v. Ohio Supreme Court, supra.
 {¶ 11} Although appellant's first assignment of error has been rendered moot by our disposition of his fourth assignment of error, we note that, pursuant to Tucker v. Tucker (1983), 10 Ohio App.3d 251, the trial court could not suspend punishment for contempt on the condition that appellant, in the future, comply with a pre-existing support order.
 {¶ 12} Based upon these considerations, appellant's second, third, and tenth assignments of error are overruled, appellant's fourth assignment of error is sustained, and assignments of error one, five, six, seven, eight, nine, and eleven are overruled as moot. The decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed and this matter is remanded with instructions to the trial court to conduct further proceedings consistent with this decision.
Judgment reversed and remanded with instructions.
KLATT and SADLER, JJ., concur.
[1] See, e.g., State v. Evans (July 9, 1998), Franklin App. No. 97APC12-1620; Evans v. Klaeger (1999), 87 Ohio St.3d 260; Evans v. Shoemaker (Feb. 20, 2003), Franklin App. No. 02AP-671; State ex rel. Evans v. Columbus Dept. of Law (1998), 83 Ohio St.3d 174; Evans v. Evans (Sept. 20, 2001), Franklin App. No. 00AP-1459; Evans v. Ohio Supreme Court, Franklin App. No. 02AP-736, 2003-Ohio-959, appeal not accepted for review (July 2, 2003), 2003-0672.
[2] R.C. 2705.031(C) provides:
"(C) In any contempt action initiated pursuant to division (B) of this section, the accused shall appear upon the summons and order to appear that is issued by the court. The summons shall include all of the following:
"(1) Notice that failure to appear may result in the issuance of an order of arrest, and in cases involving alleged failure to pay support, the issuance of an order for the payment of support by withholding an amount from the personal earnings of the accused or by withholding or deducting an amount from some other asset of the accused;
"(2) Notice that the accused has a right to counsel, and that if indigent, the accused must apply for a public defender or court appointed counsel within three business days after receipt of the summons;
"(3) Notice that the court may refuse to grant a continuance at the time of the hearing for the purpose of the accused obtaining counsel, if the accused fails to make a good faith effort to retain counsel or to obtain a public defender;
"(4) Notice of the potential penalties that could be imposed upon the accused, if the accused is found guilty of contempt for failure to pay support or for a failure to comply with, or an interference with, a parenting time or visitation order or decree."