OPINION
{¶ 1} Pro se Appellant Robert S. Kuzniak Jr. timely appeals the October 27, 2005, decision rendered by the Mahoning County Court of Common Pleas. This decision granted Appellees Nicole J. Midkiff and Willard Midkiff III attorneys fees and costs in the amount of $2,500 since the trial court determined that Appellant's lawsuit was frivolous under R.C. § 2323.51. It also overruled Appellant's request for a mistrial and relief from judgment.
 {¶ 2} Appellant filed his complaint pro se against Appellees and several Mahoning County government officials asserting claims for malicious prosecution, complicity, false arrest, negligence, and engaging in corrupt activity. Appellant's complaint focuses on an incident that occurred on December 24, 2002, during which Appellees allegedly filed false charges against him for interfering with his child's visitation order. Nicole J. Midkiff is the mother of Appellant's daughter.
 {¶ 3} Appellant later voluntarily dismissed from suit all but one of the named Mahoning County officials. The remaining county official, Major Michael Budd of the Mahoning County Sheriff's Department, was subsequently granted summary judgment on January 14, 2005. Appellant did not appeal this decision.
 {¶ 4} On June 20, 2005, Appellees filed a motion for summary judgment. Appellant filed a motion to strike this motion for summary judgment arguing that it was not timely filed. Appellant's motion to strike was overruled, and ultimately the trial court granted Appellees' motion for summary judgment on August 15, 2005.
 {¶ 5} Following this decision, Appellees filed a motion for attorney fees and costs. Appellant opposed this request and filed a motion for a mistrial or relief from judgment. On October 27, 2005, the trial court granted Appellees' request for attorney fees and costs and overruled Appellant's motion for a mistrial and relief from judgment. Appellant timely filed his notice of appeal on November 28, 2005. Appellees have not filed a responsive brief.
 {¶ 6} Appellant asserts two assignments of error on appeal. He argues that the trial court failed to appoint him counsel regarding an order to show cause as to why he should not have been held in contempt of court. Appellant also argues that the trial court erred in granting Appellees summary judgment without giving Appellant an opportunity to respond. For the following reasons, Appellant's assignments of error lack merit and are overruled.
 {¶ 7} In Appellant's first assignment of error he claims:
 {¶ 8} "The Judge of the trial court failed to secure Plaintiff-Appellee's [sic] rights to be represented when the Judge accused Plaintiff-Appellee [sic] of writing a contemptuous letter to the judge."
 {¶ 9} Appellant argues that the trial court violated his Sixth Amendment constitutional right to counsel when the court ordered him to show cause as to why he should not be held in contempt and failed to appoint counsel to represent him.
 {¶ 10} Earlier in the case's proceedings, Appellant attempted to secure a default judgment against Appellees, arguing that they failed to timely seek leave to answer his complaint. At about the same time, a letter was sent to the trial court judge, which was purportedly written and signed by Appellee Nicole Midkiff. The letter questioned the judge's decision to entertain Appellant's motion for default judgment, indicating that the judge needed his "head examined." It also provided that Nicole was, "tired of asshole judges trying to run my life. [And that they should j]ust leave [her] the f____k alone." (March 24, 2004, Letter.) In response, the trial court ordered Nicole to show cause as to why she should not be held in contempt. Nicole secured a handwriting analysis that apparently established she did not sign this letter.
 {¶ 11} Thereafter, the trial court issued an order to show cause as to why Appellant should not be held in contempt of court. This order was evidently issued in response to the trial court's suspicion that Appellant drafted the letter in question. On May 17, 2004, Appellant requested court-appointed counsel to represent him in the contempt matter indicating that he was indigent and unable to afford a lawyer.
 {¶ 12} In response, the court stated that it would take his request under advisement. However, the court then proceeded to consider additional handwriting analysis evidence without appointing Appellant counsel. The trial court subsequently concluded that there was no proof that Appellant was in contempt of court and that it would not pursue the matter any further. (Aug. 16, 2004, Judgment Entry.)
 {¶ 13} Appellant now argues on appeal that he was denied his constitutional right to counsel in the contempt matter. Although there is no constitutional right to appointed counsel in a civil case between individual litigants, constitutional procedural due process requires that one charged with contempt of court has the right to be represented by counsel. Scott v. Scott, 10th Dist. No. 03AP-411, 2004-Ohio-1405, at ¶ 31; Benjamin v. Benjamin
(Dec. 30, 1997), 10th Dist. No. 97APF07-875; Courtney v.Courtney (1984), 16 Ohio App.3d 329, 332, 475 N.E.2d 1284.
 {¶ 14} However, a constitutional error can be deemed harmless if it is determined that it was harmless beyond a reasonable doubt. State v. Conway, 108 Ohio St.3d 214, 2006-Ohio-791,842 N.E.2d 996, at ¶ 78, citing Chapman v. California (1967), 386 U.S. 18, 24, 87 S.Ct. 824. The requisite inquiry requires us to determine whether, "the evidence complained of might have contributed to the conviction." Conway, supra, at ¶ 78, citingChapman at 23. Further, in order to find reversible error, there must be some prejudice to the appellant. State v.Rembert, 5th Dist. No. 04 CA 66, 2005-Ohio-4718, citing Statev. Dean (1953), 94 Ohio App 540,116 N.E.2d 767.
 {¶ 15} In the instant case, Appellant may have been improperly denied his constitutional right to counsel when the trial court failed to address his request for court-appointed counsel. However, the court concluded that there was no proof that Appellant was in contempt of court and it dropped its pursuit of the motion to show cause. Thus, Appellant was never found in contempt of court nor did he suffer any penalty for any alleged contempt.
 {¶ 16} Since Appellant was never found in contempt of court and, in fact, the trial court dropped the order to show cause, we cannot find any prejudice to Appellant or any reversible error. Appellant does not direct our attention to any alleged prejudice. As such, this error was harmless and Appellant's first assignment lacks merit and is overruled.
 {¶ 17} In Appellant's second assignment of error he asserts:
 {¶ 18} "The Judge of the trial court erred as a matter of law by granting summary judgement [sic] to the Defendant-Appellant [sic] without ever allowing Plaintiff-Appellee [sic] to mount a defense against it."
 {¶ 19} Appellant argues that the trial court erred in granting Appellees summary judgment without providing Appellant the opportunity to respond to their motion. This argument arises from and focuses on the trial court's August 15, 2005, Judgment Entry granting Appellees summary judgment. This entry also provided that there was no just cause for delay. Appellant did not appeal from this entry.
 {¶ 20} App.R. 4 provides that, "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the * * * service of the notice of judgment and its entry[.]" Since Appellant did not timely appeal this decision, these arguments are not properly before this Court. Thus, we cannot review the underlying decision granting Appellees summary judgment as a matter of law.
 {¶ 21} Instead of appealing the trial court's August 15, 2005, Judgment Entry, Appellant filed a motion for a mistrial under Civ.R. 59(A)(1), on September 2, 2005. He also asked the court for relief from judgment pursuant to Civ.R. 60(A). The trial court overruled these requests in its October 27, 2005, Judgment Entry. It is from this entry that Appellant timely filed his notice of appeal. Accordingly, this Court's review is limited to Appellant's request for a mistrial and motion for relief from judgment.
 {¶ 22} Civ.R. 59(A)(1) provides that a new trial may be granted based on an irregularity in the court proceedings or if there was an abuse of discretion that prevented a party from having a fair trial. However, the instant matter never went to trial; Appellees were granted summary judgment. Further, the Supreme Court of Ohio has held that a motion for new trial is inapplicable to a judgment entry that grants summary judgment since it is a hearing on a motion. L.A. D., Inc. v. Lake Cty.Bd. of Commrs. (1981), 67 Ohio St.2d 384, 387, 423 N.E.2d 1109;Ahmed v. McCort, 7th Dist. No. 02 BA 8, 2003-Ohio-6002, at ¶ 14. As such, a motion for a new trial was inappropriate in this case. Id.
 {¶ 23} As for Appellant's motion for relief from judgment, Appellant sought relief pursuant to Civ.R. 60(A). Civ.R. 60(A) provides relief from judgment for "[c]lerical mistakes in judgments[.]" In an appeal from a trial court's denial of a motion for relief from judgment, an appellate court cannot review the correctness of the trial court's original underlying judgment. Kochalko v. Kochalko, 5th Dist. No. 04 CA 15,2004-Ohio-7098; In re Teasley, 10th Dist. Nos. 03AP-196, No. 03AP-227, 2003-Ohio-5079. Accordingly, this Court cannot review the trial court's underlying decision to grant Appellees summary judgment.
 {¶ 24} Nevertheless, Appellant sought relief from the trial court's decision to award summary judgment by claiming that he was denied an opportunity to respond to Appellees' motion. Appellant argues that the clerk of courts did not timely mail him a copy of a July 18, 2005, entry that granted Appellant fourteen days to respond to Appellees' motion.
 {¶ 25} The record reflects, however, that in a May 19, 2005, Judgment Entry, the trial court granted Appellees thirty days to file a motion for summary judgment. This entry also gave Appellant fourteen days to respond to the motion after it was filed. (May 19, 2005, Judgment Entry.) Thus, Appellant was aware of the time limitations imposed by the court to respond to Appellees' motion for summary judgment from at least May.
 {¶ 26} On June 20, 2005, Appellees filed their motion for summary judgment. Instead of filing a responsive brief, Appellant filed a motion to strike on July 5, 2005. Appellant argued that their motion for summary judgment should be dismissed as untimely because it was not filed within the thirty day leave period. The trial court overruled Appellant's motion to strike, and in that same entry, it again granted Appellant fourteen days to respond to the motion for summary judgment. (July 27, 2005, Judgment Entry.) Appellant claims he did not receive this entry until his response time had already expired. Appellees were granted summary judgment on August 15, 2005.
 {¶ 27} Appellant argues in his motion for a mistrial and in his brief on appeal that he did not timely receive the July 27, 2005, entry and as a result, he was denied the opportunity to file a responsive brief to Appellees' motion.
 {¶ 28} The record reveals, however, that Appellant did file a "Responsive Brief" to Appellees' motion for summary judgment. Appellant filed his "Responsive Brief" on July 20, 2005; before the trial court provided him with time to do so in its July 27, 2005, Judgment Entry. Appellant addressed the underlying facts of his complaint and made arguments in support of his claims in his "Responsive Brief".
 {¶ 29} We also note that the trial court's July 27, 2005, Judgment Entry was stamped with the instruction to the clerk to, "SERVE NOTICE OF THIS ORDER UPON ALL PARTIES WITHIN THREE (3) DAYS PER CIV.R. 5", and below this instruction the word, "Done" has been written. (July 27, 2005, Judgment Entry.) Thus, it appears Appellant was mailed the court's entry within the three-day period.
 {¶ 30} Based on the foregoing, Appellant's argument that he was denied the opportunity to respond to Appellees' motion for summary judgment lacks merit. Accordingly, Appellant's second assignment of error is overruled.
 {¶ 31} Because there is no merit in either of Appellant's assignments of error, the trial court's decision is affirmed in full.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.