[Cite as *Strizak v. Strizak*, 2012-Ohio-2367.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ANGIE M. STRIZAK, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT. | ) | |
| | ) | |
| V. | ) | CASE NO. 11 CA 872 |
| | ) | |
| MARK T. STRIZAK, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Court of Common Pleas, Domestic Relations Division of Carroll County, Ohio
Case No. 10DRC267573

JUDGMENT:    Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellant    Atty. Kara D. Williams
332 West High Avenue
New Philadelphia, OH 44663

For Defendant-Appellee    Atty. Anthony Koukoutas
116 Cleveland Avenue NW
Suite 808
Canton, OH 44702

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: May 29, 2012

DONOFRIO, J.

{¶1} Plaintiff-appellant, Angie Strizak, appeals from a Carroll County Common Pleas Court, Domestic Relations Division decision finding her in contempt of court for failing to honor a visitation order.

{¶2} Appellant and defendant-appellee, Mark Strizak, were granted a dissolution of their marriage on January 24, 2011. Per the terms of the court-adopted separation agreement, appellant was named the residential parent of the parties' three children and appellee was granted visitation.

{¶3} On March 24, 2011, appellee filed a show cause motion alleging that appellant had failed to comply with the visitation schedule. Specifically, he asserted that he arrived at appellant's home on Saturday March, 12, 2011, to pick up the children for their scheduled visitation and appellant did not allow that visitation to occur.

{¶4} The trial court put on a show cause order and scheduled the matter for a hearing. At the hearing, appellant appeared without counsel and appellee appeared with counsel. The court heard testimony from both parties and from a sheriff's deputy. The court then found appellant in contempt. As sanctions for the contempt, the court ordered appellant to pay appellee's attorney's fees of $400, appellee's court costs of $100, appellee's lost wages of $78.75, and $65 for appellee's gas. The court further sentenced appellant to ten days in jail, which it stated it would impose if appellant continued to prevent appellee from exercising his court-ordered visitation or if appellant failed to pay the above listed costs within six months from the date of the hearing.

{¶5} Appellant filed a timely notice of appeal on April 17, 2011.

{¶6} Appellee has failed to file a brief in this matter. Therefore, we may consider appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain that action. App.R. 18(C).

{¶7} Appellant raises two assignments of error, the first of which states:

THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST FOR APPOINTED COUNSEL AT A SHOW CAUSE HEARING INITIATED PURSUANT TO R.C. 2705.031(C)(2).

**{¶8}** The show cause order provided in part:

2. You have the right to obtain counsel. If you believe you are indigent, you must apply for a public defender or Court appointed counsel within three (3) business days after receipt of the summons.

3. The Court may refuse to grant a continuance at the time of the hearing for the purpose of obtaining Counsel if you fail to make a good faith effort to retain counsel or obtain a public defender.

**{¶9}** At the hearing the court inquired of appellant if she had counsel:

THE COURT: * * * Now, do you have an attorney, ma'am?

MRS. STRIZAK: No. I filled out the papers for one.

THE COURT: Do you wish to represent yourself today, pro se?

MRS. STRIZAK: No, I wish to have an attorney granted. I filled out the papers, and they said that you would let me know today.

THE COURT: That you wanted an attorney appointed?

MRS. STRIZAK: Right.

THE COURT: Well, this is a civil domestic case. We don't appoint attorneys for people in these situations. This is not a criminal proceeding. Now, you may be punished for violating a court order, but it is incumbent upon you to have your own attorney.

Now do you wish to proceed, or are you going to get your own attorney?

MRS. STRIZAK: We can go ahead.

(Tr. 10-11).

{¶10} In this assignment of error, appellant argues that the trial court's failure to appoint counsel was an abuse of discretion. She asserts that she properly completed the request for appointed counsel within three days of receiving the summons and verbally asked the court for appointed counsel. Appellant argues that if she had counsel she would have introduced evidence of her inability to pay the $642.75 within six months. She contends that as an indigent contemnor, she does not have the ability to pay the court-ordered costs and, consequently, will be subject to a jail sentence. Appellant asks that this court reverse the finding of contempt and remand this matter to the trial court to conduct a hearing on appellant's request for appointed counsel.

{¶11} A trial court's decision regarding whether a party is entitled to court-appointed counsel is reviewed for abuse of discretion. *Renshaw v. Renshaw*, 5th Dist. No.00 CA 05, 2000 WL 1528635, *1 (Oct. 12, 2000). Abuse of discretion connotes more than an error of law; it implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶12} Pursuant to R.C. 2705.031(B)(2), any parent who is entitled to parenting time pursuant to a court order may file a contempt action for failure to comply with the court order. In such a contempt action, "the accused shall appear upon the summons and order to appear that is issued by the court." R.C. 2705.031(C). The summons must include, "[n]otice that the accused has a right to counsel, and that if indigent, the accused must apply for a public defender or court appointed counsel within three business days after receipt of the summons." R.C. 2705.031(C)(2).

{¶13} Appellant was served with the summons on March 26, 2011. On March 29, she filed a financial disclosure/affidavit of indigency requesting court-appointed counsel. Thus, she met the statutory three-day requirement to apply for a public defender or court-appointed counsel.

**{¶14}** The trial court abused its discretion in failing to consider appellant's request for court-appointed counsel. The court told appellant that because this was a civil domestic case, she was not entitled to court-appointed counsel. Thus, the court did not even consider her request for appointed counsel or her affidavit of indigency. Although this matter stemmed from a civil domestic case, it was a contempt case in which appellant faced the possibility of a jail sentence and an infringement upon her liberty.

**{¶15}** "Although there is no constitutional right to appointed counsel in a civil case between individual litigants, constitutional procedural due process requires that one charged with contempt of court has the right to be represented by counsel." *Kuzniak v. Midkiff*, 7th Dist. No. 05-MA-217, 2006-Ohio-6133, ¶13. An indigent defendant is entitled to court-appointed counsel in contempt proceedings where he or she faces the possibility of a jail sentence. See *Burton v. Hootman*, 5th Dist. No. 06-COA-016, 2007-Ohio-521; *Evans v. Evans*, 10th Dist. No. 03AP-1203AP-80, 2003-Ohio-6073; *Pressler v. Pressler*, 12th Dist. No. CA96-03-024, 1996 WL 406269 (July 22, 1996).

**{¶16}** Because this was a contempt hearing where appellant faced a possible jail sentence and because appellant timely filed an affidavit of indigency, the trial court should have held a hearing on the matter of appellant's indigency. And if the court found that appellant was indeed indigent, it should have appointed her counsel before moving on with the contempt hearing. Thus, the trial court abused its discretion in summarily dismissing appellant's request for court-appointed counsel.

**{¶17}** Accordingly, appellant's first assignment of error has merit.

**{¶18}** Appellant's second assignment of error states:

> THE TRIAL COURT ERRED BY IMPOSING A SANCTION THAT FAILS TO PROVIDE A MEANS BY WHICH APPELLANT CAN PURGE THE CONTEMPT AND REGULATES HER FUTURE CONDUCT.

{¶19} Due to the merit of appellant's first assignment of error, her second assignment of error is now moot.

{¶20} For the reasons stated above, the trial court's finding of contempt is hereby reversed and the matter is remanded to the trial court for a new show cause hearing. On remand the trial court shall first hold a hearing to determine if appellant is indeed indigent, and if she is, the court shall appoint counsel to represent her. If the court finds that appellant is not indigent, it shall provide her with the opportunity to obtain her own counsel.

Waite, P.J., concurs.

DeGenaro, J., concurs.