[Cite as *Crain v. Crain*, 2012-Ohio-6180.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

MARK CRAIN                              :
                                       :         Appellate Case No. 2011-CA-92
        Plaintiff-Appellee             :
                                       :         Trial Court Case No. 03-DR-225
v.                                     :
                                       :
REBECCA CRAIN, nka PROTSMAN            :         (Civil Appeal from Common Pleas
                                       :          Court, Domestic Relations)
        Defendant-Appellant            :
                                       :

. . . . . . . . . . .

## O P I N I O N

Rendered on the 28th day of December, 2012.

. . . . . . . . . . .

NATE EICHELMAN, Atty. Reg. #0076008, Clark County CSEA, 1345 Lagonda Avenue, Springfield, Ohio 45503
        Attorney for Plaintiff-Appellee

SCOTT A. ASHELMAN, Atty. Reg. #0074325, Ashelman & Pinard, LLC, 703 Liberty Tower, 120 West Second Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Rebecca Protsman appeals from an order of the Clark

County Common Pleas Court, Domestic Relations Division, finding her in contempt of court for failure to make child support payments. Protsman contends that the trial court erred when it held a contempt hearing without appointing counsel to represent her. We conclude that Protsman was denied due process of law when the magistrate denied her request for appointed counsel at the hearing. Accordingly, the order of contempt is Reversed, and this cause is Remanded for further proceedings.

## I. The Course of Proceedings

{¶ 2} Protsman and Mark Crain were married in 1995. One child was born of the marriage. The parties were divorced in 2003 in Clark County. Crain was awarded custody of the parties' child. Protsman was ordered to pay child support in the sum of $162 per month. In July 2011, the Clark County Child Support Enforcement Agency ("CSEA") filed a motion for contempt against Protsman for failing to pay her child support obligation. Protsman was properly served and the matter came on for hearing in August 2011. At that time, the magistrate granted Protsman a continuance of the hearing, and instructed her regarding the method for obtaining appointed counsel.

{¶ 3} The parties appeared for hearing in October 2011, and Protsman had not obtained counsel. At that point, the magistrate informed Protsman that the court was no longer appointing counsel to represent defendants in civil contempt proceedings. Specifically, the magistrate made reference to a United States Supreme Court decision made "within the last few months" which, according to the magistrate, held that "obligors are not

entitled to Court appointed counsel [in child support contempt cases]."[1]  The magistrate stated, in pertinent part, as follows:

> One thing I'm going to tell you, I'm going to deny your request for counsel at this time.  There's a recent U.S. Supreme Court decision that came down on contempt citations regarding child support, and the decision of the justices is that obligors that are facing jail time in civil contempts are not entitled to court appointed counsel.  So we'll proceed today without Court appointed counsel * * *.

{¶ 4}     During the hearing, CSEA presented evidence that Protsman had a child support arrearage in the amount of $16,183.88.  Protsman testified that she was not aware that she had a child support obligation.  She further testified that she could not afford the payments, since her only income consisted of $200 per month in food stamps.  She also testified that she had a medical condition that prevented her from working.  She argued that she should not be held in contempt.

{¶ 5}     Following the hearing, the magistrate entered a decision and order finding Protsman in contempt.  The magistrate sentenced her to 30 days in jail, but suspended the sentence pending payment of the support arrearage.  Protsman did not file any objections to the magistrate's decision, which was adopted by the trial court.  From the order holding her in contempt, Protsman appeals.[2]

---

[1]  The case referred to by the magistrate appears to be *Turner v. Rogers*, ____ U.S. _____, 131 S.Ct. 2507, 180 L.Ed.2d 452 (2011).

[2]  Protsman is represented by appointed counsel in this appeal.

## II.

**{¶ 6}** Protsman raises the following as her sole assignment of error:

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT IN VIOLATION OF THE U.S. AND OHIO CONSTITUTIONS, AND O.R.C. § 2705.031 WHEN IT DENIED APPELLANT'S RIGHT TO COUNSEL AT HER CIVIL CONTEMPT HEARING.

**{¶ 7}** Protsman contends that her right to due process of law was denied when the magistrate proceeded with the civil contempt hearing without appointing counsel to represent her.

**{¶ 8}** The magistrate relied upon *Turner v. Rogers*, ___ U.S. ___, 131 S.Ct. 2507, 180 L.Ed.2d 452 (2011) as support for the proposition that Protsman was not entitled to court-appointed counsel. That case involved a contempt proceeding against an indigent father who was in arrears on his child support obligation. *Id*. The Court held:

[t]he Due Process Clause does not *automatically* require the provision of counsel at civil contempt proceedings to an indigent individual who is subject to a child support order, even if that individual faces incarceration (for up to a year). In particular, that Clause does not require the provision of counsel where the opposing parent or other custodian (to whom support funds are owed) is not represented by counsel and the State provides alternative

procedural safeguards equivalent to (adequate notice of the importance of ability to pay, a fair opportunity to present, and to dispute, relevant information and express court findings as to the supporting parent's ability to comply with the support order). 131 S.Ct. 2520 (emphasis sic).

{¶ 9} The Court went on to find that Turner's due process rights were denied because he had neither counsel "nor the benefit of alternative [procedural safeguards]". *Id.* Thus, while *Turner* does not categorically require counsel to be appointed for persons facing criminal contempt convictions for nonpayment of child support, a reading of the opinion demonstrates that neither does it categorically require, as stated by the magistrate, the denial of appointed counsel. Instead, a court must determine whether there are procedural safeguards in place that adequately protect the obligor. There was no such determination in this case. The magistrate's denial of counsel was, therefore, error.

{¶ 10} Furthermore, the *Turner* Court specifically declined to address "civil contempt proceedings where the underlying child support payment is owed to the State, for example, for reimbursement of welfare funds paid to the parent with custody[,] * * * [in part because] the government is likely to have counsel or some other competent representative." *Id.* In this case, an agency of the State, CSEA, brought the contempt action. The agency was represented by counsel. Thus, this action is in the nature of the government action that *Turner* declined to address, as opposed to the private-party action that was at issue in the *Turner* case. Again, this is an indication that the magistrate's reliance upon *Turner* was misplaced.

{¶ 11} In Ohio, one can infer that the General Assembly prefers that indigent obligors

have representation; R.C. 2705.031 states, in pertinent part, as follows:

(B)(1)  Any party who has a legal claim to any support ordered for a child, spouse, or former spouse may initiate a contempt action for failure to pay the support.   In Title IV-D cases, the contempt action for failure to pay support also may be initiated by an attorney retained by the party who has the legal claim, the prosecuting attorney, or an attorney of the department of job and family services or the child support enforcement agency.

* * *

(C) In any contempt action initiated pursuant to division (B) of this section, the accused shall appear upon the summons and order to appear that is issued by the court.   The summons shall include all of the following:

(1) Notice that failure to appear may result in the issuance of an order of arrest, and in cases involving alleged failure to pay support, the issuance of an order for the payment of support by withholding an amount from the personal earnings of the accused or by withholding or deducting an amount from some other asset of the accused;

(2) Notice that the accused has a right to counsel, and that if indigent, the accused must apply for a public defender or court appointed counsel within three business days after receipt of the summons;

(3) Notice that the court may refuse to grant a continuance at the time of the hearing for the purpose of the accused obtaining counsel, if the accused fails to make a good faith effort to retain counsel or to obtain a public defender;

(4) Notice of the potential penalties that could be imposed upon the accused, if the accused is found guilty of contempt for failure to pay support or for a failure to comply with, or an interference with, a parenting time or visitation order or decree.

{¶ 12} Ohio courts have held that counsel is required in contempt proceedings on child support arrearages and visitation interference issues. *See Evans v. Evans*, 10th Dist. Franklin No. 03AP-1203AP-80, 2003-Ohio-6073; *Strizak v. Strizak*, 7th Dist. Carroll No. 11 CA 872, 2012-Ohio-2367. In *Evans*, the obligor appeared pro se at the contempt hearing and stated that he did not waive his right to counsel. *Id.* at ¶ 8. The Tenth District held that "[i]n order to satisfy due process requirements, the court should have taken evidence on the issue of whether to grant a continuance to allow [the obligor] to obtain counsel which, pursuant to R.C. 2705.031(C)(3), would have involved a determination of whether appellant had made a good faith effort to retain counsel prior to the contempt hearing. In the alternative, the trial court should have conducted a hearing on the question of whether [the obligor] was indigent and, if so, should have appointed counsel for him." *Id.*

{¶ 13} CSEA relies upon our holding in *Retz v. Retz*, 62 Ohio App.2d 158, 405 N.E.2d 313 (2nd Dist. 1978) as support for the magistrate's decision regarding the appointment of counsel. But the *Retz* case involved a private action, "initiated by private parties." *Id.* at 161. Thus, the holding in that case falls under the purview of *Turner*; meaning that so long as there are adequate procedural safeguards, the appointment of counsel is not automatically required. Furthermore, in a later case – *Pirtle v. Pirtle*, 2d Dist. Montgomery No. 18613, 2001 WL 815008 (July 20, 2001) – this court held that "constitutional due process requires that a defendant charged with contempt – other than a

contempt that is punishable summarily – be advised of the charges against him, have a reasonable opportunity to meet those charges by way of a defense or explanation, have the right to be represented by counsel, and have an opportunity to testify and call other witnesses in his behalf." *Id.* at \*3.

{¶ 14} In this case, there is no indication on this record that Protsman waived her right to counsel. It is possible that she did not make a good faith effort to retain a public defender. However, the magistrate did not inquire about her efforts in that regard. Therefore, we conclude that the magistrate erred by failing to ensure that Protsman had either waived counsel or failed to make a good-faith effort to retain a public defender.

{¶ 15} Protsman failed to file objections to the decision of the magistrate. Civ.R. 53(D)(3)(b)(iv) states: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Protsman's failure to object to the magistrate's decision deprived the trial court of the opportunity to correct any errors therein; consequently, she has waived all but plain error. *Bowers v. Bowers,* 2d Dist. Darke No. 1699, 2007–Ohio–1739, ¶ 6.

{¶ 16} Here, the error committed by the magistrate went to Protsman's right to counsel, and resulted in her having had no counsel to defend her in the contempt proceeding. A total deprivation of the right to counsel constitutes structural error. *Johnson v. U.S.*, 520 U.S. 461, 468-469, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), citing *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). We conclude that the error herein – the magistrate summarily having denied Protsman the right to appointed counsel without having

first found either that Protsman waived that right or that she failed to act in good faith to timely obtain counsel – resulted in Protsman's having been totally unrepresented by counsel at her contempt hearing, and was thus both plain and structural, and was therefore not waived by her failure to have objected to the magistrate's decision. In fact, the need to preserve error at the magistrate's hearing by objecting to the magistrate's decision is something that a layperson would not be expected to know without the assistance of counsel.

{¶ 17} Protsman's sole assignment of error is sustained. On remand, the trial court must either assign Protsman counsel, find that she had the financial ability to retain counsel, or find that she waived or forfeited her right to counsel.

### III.   Conclusion

{¶ 18} Protsman's sole assignment of error having been sustained, the order of the trial court finding Protsman in contempt is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH and HALL, JJ., concur.

Copies mailed to:

Nate Eichelman
Scott A. Ashelman
Hon. Thomas J. Capper