[Cite as *State v. Kulikowski*, 2024-Ohio-5824.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio, :

      Plaintiff-Appellee, : No. 24AP-252
(C.P.C. No. 22CR-2152)

v. :

      (ACCELERATED CALENDAR)

Andrea N. Kulikowski, :

      Defendant-Appellant. :

---

D E C I S I O N

Rendered on December 12, 2024

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Mark R. Wilson*, for appellee. **Argued:** *Mark R. Wilson*.

**On brief:** *Percy Squire Co., LLC*, and *Percy Squire*; *Leo P. Ross*, for appellant. **Argued:** *Percy Squire*.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Andrea N. Kulikowski, appeals from an August 2, 2023 judgment entry finding her guilty, pursuant to guilty plea, of menacing by stalking and violation of a protection order; a February 20, 2024 revocation entry revoking her community control; and an April 9, 2024 entry finding her competent to stand trial. For the following reasons, we dismiss the appeal.

**I. Facts and Procedural History**

{¶ 2} By indictment filed May 17, 2022, plaintiff-appellee, State of Ohio, charged Kulikowski with one count of menacing by stalking in violation of R.C. 2903.211, a fourth-degree felony; and one count of violating a protection order in violation of R.C. 2919.27, a first-degree misdemeanor. Kulikowski initially entered a plea of not guilty.

{¶ 3}   On August 5, 2022, the state filed a motion for bond reconsideration, alleging Kulikowski continued to contact the victim in the case. The state sought to have Kulikowski's bond immediately revoked or significantly increased after her alleged failure to comply with the conditions of her bond. Subsequently, on September 5, 2022, Kulikowski, through counsel, filed a motion for psychiatric evaluation to determine her competency to stand trial. The trial court referred Kulikowski for evaluation and, after the submission of the written competency evaluation report, found Kulikowski not competent to stand trial. In the September 8, 2022 entry finding Kulikowski not competent, the trial court ordered Kulikowski to undergo further treatment to restore competency.

{¶ 4}   Six days after the trial court found Kulikowski not competent to stand trial, Kulikowski obtained new defense counsel and filed a plea of not guilty by reason of insanity ("NGRI") pursuant to R.C. 2943.03(E). In the September 14, 2022 filing, Kulikowski requested a professional evaluation of her mental state at the time of the alleged offense.

{¶ 5}   On September 25, 2022, Kulikowski filed a motion for a second opinion of competency status and reconsideration of bond. Kulikowski asserted there were reasonable grounds to question the psychological assessment leading to the September 8, 2022 incompetency determination. The trial court again referred Kulikowski for evaluation. The court then conducted a hearing on January 17, 2023, and a written report of the evaluation was filed with the court. Based on the evidence at the hearing and the stipulations of the parties, the trial court found Kulikowski understood the nature and objective of the proceedings and was presently able to assist in her defense. Thus, the court found Kulikowski competent to stand trial.

{¶ 6}   Two days after the trial court determined she was competent to stand trial, Kulikowski filed a January 19, 2023 motion for an NGRI evaluation to be conducted at the state's expense. The court granted Kulikowski's motion for the NGRI evaluation in a January 26, 2023 entry, ordering the evaluation "to determine whether [Kulikowski] is NGRI." (Jan. 26, 2023 Entry.) The record does not contain any further reference to an NGRI evaluation being scheduled or conducted, nor does it contain any record of a written report from the ordered NGRI evaluation being submitted to the court.

{¶ 7}   The trial court then granted Kulikowski bond under conditions, including electronic monitoring, on January 25, 2023. However, on April 6, 2023, the state filed a

motion for bond reconsideration, alleging Kulikowski again continued to contact the victim in the case. After initially scheduling a bond hearing for May 16, 2023, the court filed a criminal processing sheet on May 4, 2023 stating Kulikowski had violated the conditions of bond, revoked her bond, and ordered a capias to issue. The capias issued on May 4, 2023, and Kulikowski was arrested on June 22, 2023. The trial court then reactivated the case to its active docket to be set for trial.

{¶ 8} On August 1, 2023, Kulikowski entered a guilty plea to one count of menacing by stalking and one count of violation of a protection order. The plea form bearing Kulikowski's signature contains the statement "I understand that I can appeal as a matter of right from my plea and sentence within thirty days of the filing of my judgment of conviction." (Aug. 1, 2023 Plea of Guilty.) The court conducted a combined plea and sentencing hearing that same day.

{¶ 9} In an August 2, 2023 judgment entry, the trial court noted Kulikowski entered a guilty plea and found her guilty of the two charges, sentencing her to 3 years of community control. The judgment entry further states if Kulikowski is found to violate the terms of her community control, she will receive a prison term of 18 months. Kulikowski did not file a timely appeal from the August 2, 2023 judgment entry.

{¶ 10} Subsequently, on August 31, 2023, the trial court issued a capias for Kulikowski's arrest after the state notified the court that Kulikowski had failed to comply with the conditions of her community control. Additionally, on August 31, 2023, the court filed an entry declaring Kulikowski an absconder. Approximately three months later, Kulikowski was arrested on November 27, 2023. Then, on January 3, 2024, a probation officer filed a statement of violations for revocation of community control hearing.

{¶ 11} The trial court conducted a revocation and resentencing hearing on February 20, 2024. The record does not contain a transcript of this hearing. In the February 20, 2024 revocation entry, the court found Kulikowski had violated the terms of community control, revoked her community control, and sentenced her to 18 months incarceration. Kulikowski did not file a timely appeal from the February 20, 2024 revocation entry.

{¶ 12} Following the statement of violations for revocation of community control but before the trial court conducted the revocation hearing, Kulikowski filed a January 26,

2024 motion with the caption "Defendant's Second Motion for a Competency/NGRI Evaluation." In the motion, filed more than five months after the court issued the judgment entry of her conviction and sentence, Kulikowski specifically requested the court "order a second evaluation to determine her competency to stand trial, and to assess her mental condition at the time of the offense charged." After the court revoked Kulikowski's community control, the court signed a February 28, 2024 order prepared by defense counsel ordering Kulikowski "to submit to an evaluation by an examiner" because her "competence to stand trial has been raised under Section 2945.37 of the Revised Code." The February 28, 2024 order did not reference an NGRI evaluation.

{¶ 13} The trial court then conducted a hearing on April 9, 2024, though the transcript of the hearing was not submitted in the record to this court. In an April 9, 2024 entry, the court found Kulikowski "understands the nature and objective of the proceedings against [her] and can presently assist in [her] defense. Therefore, the Court finds [Kulikowski] is competent and hereby ORDERS [Kulikowski] to abide by the disposition set forth by this Court." (Emphasis sic.) (Apr. 9, 2024 Entry Finding Def. Competent to Stand Trial at 1-2.) The trial court additionally filed an April 9, 2024 criminal processing sheet stating "defendant found competent, enforce originally [sic] sentence." Kulikowski then filed an April 11, 2024 notice of appeal with this court, indicating she was appealing from the August 2, 2023 judgment entry, the February 20, 2024 revocation entry, and the April 9, 2024 entry.

## II. Assignment of Error

{¶ 14} Kulikowski assigns the following sole assignment of error for our review:

> The trial court's failure to comply with the provisions of R.C. 2945.371, which governs "Evaluations of Mental Condition," denied Appellant Due Process of Law as guaranteed by the Fourteenth Amendment, which failure requires her immediate release from incarceration.

## III. Discussion

{¶ 15} In her sole assignment of error, Kulikowski argues the trial court violated her right to due process when it failed to comply with R.C. 2945.371, the statute governing evaluations of a defendant's mental condition at relevant times, because no examiner's report of her mental condition at the time of the offenses was ever submitted to the trial

court despite her request for an NGRI evaluation. Though she submits only one assignment of error, Kulikowski's notice of appeal indicates she appeals from three separate entries of the trial court: (1) the August 1, 2023 judgment entry of her conviction and sentence, (2) the February 20, 2024 revocation entry revoking her community control and imposing a prison sentence, and (3) the April 9, 2024 entry finding Kulikowski competent to stand trial.

{¶ 16} Before considering the merits of Kulikowski's assignment of error, we must address the timeliness of the appeal. "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App.R. 3(A). Pursuant to App.R. 4(A)(1), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." When an appellant fails to meet the timing requirements of App.R. 4, the court of appeals lacks jurisdiction to hear the appeal. *State v. Monroe*, 10th Dist. No. 10AP-839, 2012-Ohio-239, ¶ 7; *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17. A court of appeals without jurisdiction does not have the power or authority to review the issues involved and must dismiss the appeal. *White v. Cent. Ohio Gaming Ventures, L.L.C.*, 10th Dist. No. 18AP-780, 2019-Ohio-1078, ¶ 11, citing *Ahmed v. McCort*, 7th Dist. No. 02 BA 8, 2003-Ohio-6002, ¶ 11.

{¶ 17} Both the August 2, 2023 judgment entry and the February 20, 2024 revocation entry are final appealable orders. *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus ("[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk"); *State v. Nichter*, 10th Dist. No. 18AP-230, 2019-Ohio-279, ¶ 24 ("an order revoking community control and imposing a sentence is a final, appealable order because the order is made in a special proceeding and affects a substantial right"). Thus, a timely appeal from the August 2, 2023 judgment entry was due on or before September 1, 2023, and a timely appeal from the February 20, 2024 revocation entry was due on or before March 21, 2024. However, Kulikowski did not file her appeal until April 11, 2024, nor did she seek leave, pursuant to App.R. 5(A), to file a delayed appeal. App.R. 5(A) (allowing a criminal defendant to file a motion for leave to file a delayed appeal after the expiration of the 30-day period provided in App.R. 4(A)). Thus, Kulikowski's appeal is

untimely with respect to both the August 2, 2023 judgment entry of her conviction and the February 20, 2024 revocation entry revoking her community control and imposing a prison sentence.

{¶ 18} Because Kulikowski did not file her notice of appeal within 30 days of the filing of either the August 2, 2023 judgment entry or the February 20, 2024 revocation entry, we lack jurisdiction to consider her assignment of error with respect to these two entries. *Monroe* at ¶ 8. Accordingly, we must dismiss Kulikowski's appeal from the August 2, 2023 judgment entry and the February 20, 2024 revocation entry. *Id*. at ¶ 9.

{¶ 19} The sole remaining entry from which Kulikowski appeals is the April 9, 2024 entry finding her competent to stand trial. As Kulikowski filed her notice of appeal on April 11, 2024, her appeal from the April 9, 2024 entry is timely pursuant to App.R. 4(A). Nonetheless, even though the appeal is timely with respect to the April 9, 2024 entry, we find Kulikowski's failure to comply with App.R. 16 warrants dismissal of the appeal from the April 9, 2024 entry.

{¶ 20} As noted above, through her notice of appeal, Kulikowski purported to appeal from three separate entries of the trial court. However, in her appellate brief, Kulikowski raises only one assignment of error: the trial court's failure to comply with R.C. 2945.371 pursuant to her request for an NGRI evaluation. Because this assignment of error relates to a potential NGRI plea, and because an NGRI plea necessarily predates a conviction, the sole assignment of error relates only to the August 2, 2023 judgment entry of conviction. *See*, *e.g.*, *State v. Davis*, 10th Dist. No. 13AP-98, 2014-Ohio-90, ¶ 24 (" 'NGRI is an affirmative defense that must be proved by the defendant by a preponderance of the evidence' "), quoting *State v. Monford*, 190 Ohio App.3d 35, 2010-Ohio-4732, ¶ 70 (10th Dist.); *State v. Myers*, 10th Dist. No. 09AP-926, 2010-Ohio-4602, ¶ 19 (reviewing the trial court's rejection of insanity defense in a direct appeal from the judgment entry of conviction). We have already determined we lack jurisdiction over the appeal from the August 2, 2023 judgment entry for failure to comply with App.R. 4(A).

{¶ 21} Because Kulikowski does not assign any error related to the trial court's April 9, 2024 entry, her brief does not comply with the requirements of App.R. 16. Pursuant to App.R. 16(A)(3), an appellant shall include in the brief "[a] statement of the assignments of error presented for review, *with reference to the place in the record where each error is*

*reflected.*" (Emphasis added.) Additionally, an appellant is required to provide "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). As Kulikowski's assignment of error relates only to the August 2, 2023 judgment entry, she fails to articulate any errors with respect to the April 9, 2024 entry or identify the portion of the record with respect to the April 9, 2024 entry where those errors are reflected.

{¶ 22} Accordingly, Kulikowski did not comply with App.R. 16, and she leaves this court with nothing to review related to the April 9, 2024 entry. App.R. 12(A)(2) ("[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)"); *Columbus v. Payne*, 10th Dist. No. 22AP-766, 2023-Ohio-2461, ¶ 5 ("[a] party's failure to comply with App.R. 16 is tantamount to not filing a brief in the first instance"); Loc.R. 10(D) of the Tenth District Court of Appeals ("noncompliance with the Appellate Rules or the rules of this court" is "deemed good cause for dismissal of an appeal"). Because Kulikowski's brief fails to comply with the requirements of App.R. 16 as it relates to her appeal of the April 9, 2024 entry, we decline to examine her assignment of error and we dismiss the appeal of the April 9, 2024 entry. *Payne* at ¶ 5, citing App.R. 12(A)(2).

**IV. Disposition**

{¶ 23} Based on the foregoing reasons, Kulikowski's appeal from the August 2, 2023 judgment entry and the February 20, 2024 revocation entry is untimely pursuant to App.R. 4(A), and her appeal from the April 9, 2024 entry fails to comply with the requirements of App.R. 16. Accordingly, we dismiss the appeal.

*Appeal dismissed.*

BEATTY BLUNT and LELAND, JJ., concur.

———————————————