OPINION
{¶ 1} Plaintiff-appellant, Rayshan Watley (hereinafter "appellant"), appeals from the decision and judgment entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction (hereinafter "ODRC"); Terry Collins, Deputy Director of ODRC; James Haviland, Warden of Southern Ohio Correctional Facility; Mona Parks, Southern Ohio Correctional Facility Health Care Administrator; Carol Reeder, R.N., of Southern Ohio Correctional Facility; Linda Coval, Assistant Chief Inspector of ODRC; Steve Dillon, Southern Ohio Correctional Facility Deputy Warden of Special Services; Cynthia Davis, Southern Ohio Correctional Facility Unit Manager; and Elizabeth Morgan, Southern Ohio Correctional Facility Corrections Officer (hereinafter collectively "appellees"). For the reasons which follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant is an inmate incarcerated at the Southern Ohio Correctional Facility (hereinafter "SOCF"). He has been incarcerated since July 29, 1999. Due to appellant's inability to follow SOCF's rules and regulations, appellant was housed in Administrative Control (hereinafter "AC"). Inmates housed in AC received a review every 90 days to determine whether the inmate should be released to the general population.
 {¶ 3} At appellant's 90-day review in April 2002, the Classification Committee informed appellant of a new classification system being implemented. Appellant was told he would be released from AC and placed in security Level 4B (hereinafter "4B"). He was also informed all inmates would receive a review within 30 days to determine if 4B was the proper security level for them. At appellant's 30-day review, the committee determined he should remain in Level 4B.
 {¶ 4} On June 5, 2002, ODRC implemented the new classification system. It eliminated isolation units, such as AC, and instead provided a numerical designation for classifying all inmates. All inmates at SOCF were reclassified security Level 4, within which was a designation of 4A and 4B, representing different privileges. Pursuant to ODRC Policy #111-07, 4B inmates are reviewed every six months. However, the review committee may also recommend a special review if, in their judgment, it is warranted.
 {¶ 5} On September 3, 2002, appellant filed a complaint seeking damages and injunctive relief for his alleged deprivation of due process. Appellant maintained his due process rights were violated when he was placed in Level 4B without a hearing or without cause.
 {¶ 6} On October 3, 2002, appellees filed a motion for summary judgment, which the trial court granted on September 26, 2003. The trial court concluded appellee operated with sound penological reasoning. The court determined appellant's due process rights were not violated by the security level classification change. The trial court filed its judgment entry on September 30, 2003.
 {¶ 7} Appellant timely appeals and asserts the following assignments of error:
[1.] The trial court errored [sic] in not sending plaintiff a copy of its order dismissing plaintiff's complaint and or granting defendant's motion for summary judgment without sending plaintiff a copy of the order.
[2.] The trial court errored [sic] in dismissing plaintiff's complaint and or granting defendant's motion for summary judgment.
[3.] The trial court errored [sic] in not granting plaintiff [sic] request for discovery.
 {¶ 8} Appellate review of summary judgment motion is de novo.Helton v. Scioto Cty. Bd. Of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates the following: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State exrel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183. In the summary judgment context, a "material" fact is one that might affect the outcome of the suit under the applicable substantive law. Turner v. Turner (1993),67 Ohio St.3d 337, 340. When determining what is a "genuine issue," the court decides if the evidence presents a sufficient disagreement between the parties' positions. Id.
 {¶ 9} In Dresher, the Supreme Court of Ohio held that a party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden to inform the trial court of the basis for the motion and identifying the portions of the record demonstrating an absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. The moving party does not discharge its burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Id. Rather, the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates the nonmoving party has no evidence to support its claims. Id. Further, when a motion for summary judgment has been supported by proper evidence, the nonmoving party may not rest on the mere allegations of the pleading, but must set forth specific facts, by affidavit or otherwise, demonstrating that there is a genuine triable issue.Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52. If the nonmoving party does not demonstrate a genuine triable issue, summary judgment shall be entered against that party. Civ.R. 56(E).
 {¶ 10} In his first assignment of error, appellant alleges the trial court erred in failing to send appellant a copy of the decision granting appellee's motion for summary judgment. Appellant contends he received notice that a final appealable order was filed with the Franklin County Court of Common Pleas Clerk of Court on September 30, 2003, but he did not receive a copy of the decision. In response, appellee asserts that this claim is without merit since appellant filed a timely appeal. Appellee argues appellant is obviously aware the decision went against him. Appellee further states since appellant's appeal was timely, he suffered no prejudice.
 {¶ 11} Appellant was entitled to receive a copy of the trial court's decision and entry granting appellee's motion for summary judgment and not just the notice from the clerk of courts that a final appealable order had been filed. Appellant was entitled to not only know when the entry was filed to enable him to perfect a timely appeal, but was entitled to know the basis of the trial court's decision in order to frame his assignments of error, issues for review, and arguments in support of his assignments of error.
 {¶ 12} Currently, the trial court's decision and entry were contained in one document which states a copy was to be sent to appellant at the SOCF. Assuming appellant failed to receive a copy of the decision and entry, he has, nonetheless, failed to demonstrate prejudice. Accordingly, appellant's first assignment of error is overruled as moot. A copy of the trial court's decision granting summary judgment shall be delivered with our opinion.
 {¶ 13} In his second assignment of error, appellant maintains his due process rights were violated when he was released from AC and placed in 4B. Specifically, appellant argues he did not receive notice of the hearing prior to being classified into 4B. Accordingly, appellant contends he was denied due process.
 {¶ 14} According to the affidavit of David Newsome, Deputy Warden of Operations at SOCF, appellant was given 48 hours verbal notice of his hearing. The only evidence appellant offers is his allegation he did not receive notice of the hearing. Once the moving party has provided sufficient proof in support of a motion for summary judgment, the burden then shifts to the nonmoving party to demonstrate that there is a dispute of material fact.Jackson, supra. Upon review, we conclude Deputy Newsome's affidavit is sufficient evidence to support a motion for summary judgment and appellant failed to provide evidence to demonstrate a dispute of material fact.
 {¶ 15} Appellant further alleges his due process rights were violated because he was not afforded an opportunity to appeal his placement in security level 4B. The United States Supreme Court has held that the due process clause requires prison officials to engage only in an informal, non-adversary review of the evidence supporting an inmate's administrative confinement, including a statement the inmate wishes to submit, within a reasonable time after confining him to administrative segregation. Hewitt v. Helms (1983), 459 U.S. 460, 473,103 S.Ct. 864. (Emphasis added.) The fundamental guarantee in due process is the opportunity to be heard. Additional due process rights associated with institutional disciplinary hearings include the right to remain silent, the right to call witnesses, and the right to cross-examine witnesses presented by the state.Clutchette v. Enomoto (N.D. Cal. 1979), 471 F.Supp. 1113, citing Clutchette v. Procunier (N.D. Cal. 1971),328 F.Supp. 767. The United States Supreme Court further held the decision whether counsel would be permitted at a disciplinary hearing was to be decided by the prison administrators and the state. Wolffv. McDonnell (1974), 418 U.S. 539, 94 S.Ct. 2963. In this matter, appellee afforded appellant a formal hearing to determine his classification in 4B, which is not a disciplinary hearing. Therefore, appellant's rights were protected.
 {¶ 16} Appellant further contends his due process rights are violated in that he is placed in 4B indefinitely. Appellant misconstrues appellees' answer, which states that inmates can
be in 4B indefinitely. Due process protection for a state created liberty interest is limited to those situations where deprivation of that interest imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.Griffin v. Vaughn (C.A. 3 1997), 112 F.3d 703, 706. Administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration. Hewitt, supra, at 468.
 {¶ 17} It is evident from the record there is ample support for appellant's placement in 4B. Appellant has been placed in 4B due to his three Class II and 14 Class III violations. Accordingly, appellant's second assignment of error is overruled.
 {¶ 18} In his third assignment of error, appellant maintains the court erred by failing to grant appellant's request for discovery. The trial court properly denied as moot appellant's motion for discovery and his motion to stay summary judgment. The United States Supreme Court has ruled that it is appropriate to stay discovery until the underlying action is determined. The purpose of this is to avoid subjecting parties to the burden and expense of discovery. Harlow v. Fitzgerald (1982),457 U.S. 800, 818, 102 S.Ct. 2727. Accordingly, appellant's third assignment of error is hereby overruled as moot.
 {¶ 19} Based on the foregoing, appellant's second assignment of error is hereby overruled, appellant's first and third assignments of error are overruled as moot, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Bowman and Brown, JJ., concur.