[Cite as *Cedar Creek Mall Properties, L.L.C. v. Krone*, 2017-Ohio-7884.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104863

---

# CEDAR CREEK MALL PROPERTIES, L.L.C.

### PLAINTIFF-APPELLEE

vs.

# DAVID A. KRONE, ET AL.

### DEFENDANTS

[Appeal by Marcia Krone, Defendant-Appellant]

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-843990

**BEFORE:** Blackmon, J., McCormack, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 28, 2017

-i-

**ATTORNEY FOR APPELLANT**

Russell A. Randazzo
Randazzo Law, L.L.C.
635 W. Lakeside Avenue, #402
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert R. Kracht
Christopher J. Klasa
McCarthy, Lebit, Crystal & Liffman Company
101 W. Prospect Ave., Suite 1800
Cleveland, Ohio 44115

PATRICIA ANN BLACKMON, J.:

**{¶1}** Marcia Krone ("Marcia") appeals from the trial court's granting summary judgment and prejudgment attachment to plaintiff Cedar Creek Mall Properties, L.L.C. ("Cedar Creek") and denying her motions for discovery and for relief from judgment in this embezzlement and conversion case. Marcia assigns the following errors for our review:

> I. It was error to grant Plaintiff/Appellee Cedar Creek Mall [P]roperties, LLC's Motion for Summary Judgment as material issues of fact were present.
>
> II. It was error to deny Defendant/Appellant Marcia Krone's Motion for Discovery.
>
> III. It was error to deny Defendant/Appellant Marcia Krone's Motion for 60(B) relief.
>
> IV. It was error to grant Plaintiff/Appellee Cedar Creek Mall [P]roperties, LLC's Motion for Prejudgment Attachment and Supplemental Motion for Prejudgment Attachment.

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision and conclude that, as a matter of law, Cedar Creek established the claim of conversion and is entitled to summary judgment on that claim. The apposite facts follow.

## I. Facts and Procedural History

**{¶3}** From 2006 through 2014, David Krone ("David"), through his company Krone Group I, L.L.C. ("Krone Group"), was the manager and leasing/sales agent for Cedar Creek, which owned and operated a mall in Missouri. During this time, David and Marcia were married. In 2014, David and the other two people who had an interest in Cedar Creek, William Heller ("Heller) and Soleyman Kahen ("Kahen"), received notice from LaSalle National Bank Association ("the Lender") that the loan Cedar Creek obtained to purchase the mall was in default. In August 2014, the mall was sold back to the Lender.

**{¶4}** On August 13, 2014, David opened an account in the name of Cedar Creek at Peoples Bank. On December 15, 2014, this bank account was closed, and a cashier's check listing Cedar Creek as the remitter and as the payee was issued in the amount of $202,173.73. Marcia attempted to cash this check, but Peoples Bank questioned David's alleged endorsement and refused to honor the transaction. On December 23, 2014, Marcia went back to Peoples Bank with the check and three affidavits attesting that David endorsed the check to Marcia and that his signature looked unusual because he was critically ill. Peoples Bank issued a second cashier's check for $202,173.73 listing Cedar Creek as the remitter and Marcia as the payee. That same day, Marcia deposited the second check into her and David's Chase Bank account.

**{¶5}** On February 3, 2015, Marcia was taken into custody for an unrelated federal criminal case. *See U.S. v. Masters*,[1] N.D. Ohio No. 1:14-CR-00354-BYP (June

---

[1]Marcia used the names Marcia M. Masters and Marcia Krone interchangeably.

18, 2015). On March 29, 2015, David passed away. Marcia was released from custody March 31, 2015 through April 10, 2015, to arrange and attend David' funeral. At all other times during the pendency of the case at hand, Marcia remained incarcerated.

**{¶6}** On April 9, 2015, Cedar Creek filed a complaint against David and Marcia, alleging theft/embezzlement and conversion. Cedar Creek also filed a motion for prejudgment attachment, which the court granted in the amount of $225,000 without a hearing.

**{¶7}** In March 2016, Cedar Creek voluntarily dismissed all claims against the Estate of David Krone. On August 10, 2016, the court denied Marcia's summary judgment motion and granted Cedar Creek's summary judgment motion in the amount of $202,173.73, finding the following: "[Marcia] took funds from [Cedar Creek] without authority, transferred said funds to her own bank account, and failed to repay said funds." It is from this order that Marcia timely appeals.

## II. Summary Judgment

**{¶8}** Appellate review of granting summary judgment is de novo. Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that (1) there is no genuine issue of material fact; (2) they are entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

### A. Theft and Embezzlement

{¶9} A civil action to recover damages resulting from a theft offense may be brought by the owner of property that was the subject of the theft. R.C. 2307.61. A theft offense is defined in R.C. 2913.02(A) as follows:

No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to give consent;

(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

(3) By deception;

(4) By threat;

(5) By intimidation.

{¶10} "Embezzlement generally occurs when an employee steals money from his or her employer * * * and has been codified in the theft statute under R.C. 2913.02(A)(2)." *Dickson & Campbell, L.L.C. v. Marshall*, 8th Dist. Cuyahoga No. 104133, 2017-Ohio-1032, ¶ 34.

## B. Conversion

{¶11} "Conversion is the wrongful control or exercise of dominion over property belonging to another inconsistent with or in denial of the rights of the owner." *Tabar v. Charlie's Towing Serv.*, 97 Ohio App.3d 423, 427, 646 N.E.2d 1132 (8th Dist.1994). To succeed on a conversion claim, a plaintiff must show "(1) * * * ownership or right to possession of the property at the time of conversion; (2) defendant's conversion by a

wrongful act or disposition of plaintiff's property rights; and (3) damages." *6750 BMS, L.L.C. v. Drentlau,* 8th Dist. Cuyahoga No. 103409, 2016-Ohio-1385, ¶ 28.

### C. Analysis

{¶12} In support of its motion for summary judgment, Cedar Creek presented the affidavit of Heller, who is the current manager and president of Cedar Creek. According to Heller: David had authority to approve Cedar Creek transactions up to $5,000. David was not authorized to transfer Cedar Creek assets to Marcia. Cedar Creek did not owe Marcia, David, or Krone Group any money. The two Peoples Bank cashier's checks for $202,173.73 were Cedar Creek assets. This money was rent proceeds from the mall's tenants and "was earmarked to pay off Cedar Creek's lender * * *." Marcia wrongfully took possession of $202,173.73 of Cedar Creek assets. Cedar Creek did not authorize Peoples Bank to release $202,173.73 in assets to Marcia. Cedar Creek has demanded that Marcia return the funds. Marcia has not returned any of the funds to Cedar Creek.

{¶13} Furthermore, Cedar Creek presented its operating agreement, which in Article IV, lists the scope of, and limitations on, the manager's authority. David, as manager, was authorized to approve Cedar Creek's expenditures "in an amount not in excess of Five Thousand Dollars ($5,000) * * *." Additionally, in section 4.2(b)(iv), the operating agreement states that David "may take the following actions * * * only with the Approval of the Members: * * * Cause the Company to

expend or become obligated to expend more than Five Thousand Dollars ($5,000) in a single transaction or series of related transactions * * *."

{¶14} Cedar Creek also presented a copy of Peoples Bank cashier's check No. 704464, dated December 16, 2014, payable from Cedar Creek to Cedar Creek in the amount of $202,173.73.   There is a notation on the check stating, "CLOSED ACCOUNT 2134000917."   Cedar Creek additionally presented a copy of Peoples Bank cashier's check No. 704478, dated December 23, 2014, payable from Cedar Creek to Marcia Krone in the amount of $202,173.73.

{¶15} Finally, Cedar Creek presented a document allegedly evidencing that Marcia deposited the Cedar Creek check into her Chase Bank account.

{¶16} Marcia argues on appeal that the court erred when it granted Cedar Creek's motion for summary judgment for four reasons.   First, because there is a factual dispute as to who owned the funds in question.   Specifically, Marcia argues that Cedar Creek, Krone Group, and the Lender all had colorable claims to the money in the Peoples Bank account.   Marcia does not present any evidence to support this argument.   Indeed, the only evidence in the record is Heller's affidavit, which states that the funds belong to Cedar Creek and were withdrawn from Cedar Creek's bank account.

{¶17} Second, Marcia argues that there is a factual dispute "as to whether [she] had the consent of Cedar Creek to deposit the funds in the Chase Bank account." According to Marcia, she reasonably believed that David provided this consent.   To

support this argument, Marcia offers her own affidavit, uncorroborated by any other evidence.

> Generally, a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party.

*Bell v. Beightler*, 10th Dist. Franklin No. 02AP-569, 2003-Ohio-88, ¶ 33.

{¶18} According to Cedar Creek's operating agreement, however, David's authority to act unilaterally was limited to transactions of $5,000 or less. Marcia does not present any evidence to challenge this.

{¶19} Third, Marcia argues that summary judgment was improperly granted, because a claim for "conversion does not exist for money." To support this argument, Marcia cites *Kelley v. Ferraro*, 188 Ohio App.3d 734, 2010-Ohio-2771, 936 N.E.2d 986 (8th Dist.). In *Kelley*, the court held that "conversion claims are generally limited to those based upon the taking of tangible" and identifiable property. *Id.* at ¶ 70. However, in *Elias v. Gammel*, 8th Dist. Cuyahoga No. 83365, 2004-Ohio-3464, this court held that "an action for the conversion of money is not recognized '*except where the money is specifically identifiable*.'" (Emphasis added.) *Wiltberger v. Davis*, 110 Ohio App.3d 46, 55, 673 N.E.2d 628 (10th Dist.1996).

{¶20} Upon review, we find that Marcia wrongfully possessed Cedar Creek's money without the consent of Cedar Creek's three members, David, Heller, and Kahen. Marcia presents no evidence to challenge this nor does she show a genuine issue of

material fact to overcome summary judgment. Therefore, Cedar Creek is entitled to judgment as a matter of law. The court did not err by finding that, "in the instant case, defendant took funds from plaintiff without authority, transferred said funds to her own bank account, and failed to repay said funds." Furthermore, the court did not err by awarding judgment in favor of Cedar Creek in the amount of $202,173.73, plus interest at 3% per annum from the date of judgment. Marcia's first assigned error is overruled.

### III. Discovery

{¶21} A trial court's ruling regarding discovery matters is reviewed on appeal for an abuse of discretion. *State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 110 Ohio St.3d 343, 2006-Ohio-4574, 853 N.E.2d 657. Pursuant to Civ.R. 26(A) parties to a lawsuit may obtain discovery from each other by various methods, including depositions, interrogatories, production of documents, examinations, and requests for admission.

{¶22} In the case at hand, it appears from the docket that Marcia was served with a copy of the complaint on June 29, 2015, while she was in custody. On August 25, 2015, Marcia filed a motion for leave to plead, which the court granted, and on September 14, 2015, Marcia filed a pro se answer. On October 5, 2015, the court set a discovery cutoff date of February 5, 2016. At the request of Cedar Creek, the discovery cutoff date was extended to February 29, 2016, and again to April 30, 2016.

{¶23} On April 12, 2016, Marcia filed a pro se motion for discovery, requesting that the court "direct [Cedar Creek] to provide all necessary discovery information

available to [her] in relation to this case." The court issued a journal entry on April 27, 2016, stating as follows: "Defendant's motion for discovery, filed 04/12/2016, is granted. Plaintiff may propound discovery by properly following the rules of civil procedure. Discovery shall remain ongoing and is extended to 05/27/2016."

{¶24} It appears from the record that Marcia sent a letter to Cedar Creek's attorney on May 24, 2016, "requesting a copy of the discovery." However, it also appears that on June 4, 2016, this letter was marked "Return to sender. Not deliverable as addressed. Unable to forward." On June 17, 2016, Marcia filed a second pro se motion for discovery, asking the court "to enter an Order for [Cedar Creek] to provide full discovery." On July 1, 2016, the court denied Marcia's motion for discovery, stating that she "did not serve [Cedar Creek] with a properly formulated discovery request pursuant to the rules of civil procedure and local rules."

{¶25} Ohio courts consistently hold that "pro se litigants are presumed to have knowledge of the law and of correct legal procedure, and are held to the same standard as all other litigants. [They] cannot expect nor demand special treatment from the judge who is to sit as impartial arbiter." *Loreta v. Allstate Ins. Co.*, 8th Dist. Cuyahoga No. 97921, 2012-Ohio-3375, ¶ 7.

{¶26} It is undisputed that Marcia did not properly request discovery from Cedar Creek. Rather, she first requested that the court order Cedar Creek to provide "all discovery information." The court responded by extending the discovery cutoff date and reminding the parties to properly follow the rules of civil procedure. Marcia attempted

to send correspondence to Cedar Creek, but failed. Upon review, we conclude that even if the correspondence was properly served, it does not comply with Civ.R. 26; Civ.R. 33 (interrogatories); Civ.R. 34 (production of documents); or Civ.R. 36 (requests for admissions). Marcia again requested that the court order Cedar Creek "to provide full discovery." The court denied the motion, finding that Marcia did not properly request discovery in accordance with the civil rules.

{¶27} We are aware that Civ.R. 37(A) authorizes a party to move for a court order compelling discovery. However, this rule requires that the motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action." It is axiomatic that a party must first request discovery before asking the court to compel it. As evidenced by the multitude of motions Marcia filed with the court,[2] we find that, despite her imprisonment, she had ample time and opportunity to send proper discovery requests to Cedar Creek.

{¶28} Upon review, we cannot say that the trial court abused its discretion in denying Marcia's second discovery motion. No discovery was exchanged between the parties in the case at hand, because neither party properly requested any depositions, interrogatories, admissions, documents, or examinations from the other. Marcia's second assigned error is overruled.

---

[2]Between August 25, 2015 and August 5, 2016, Marcia filed 28 pro se motions, briefs, and "judicial notices" with the court. In the two weeks after she filed her notice of appeal, Marcia, still acting pro se from prison, filed an additional five documents in this case.

## IV. Relief from Judgment

{¶29} We review a ruling on a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 520 N.E.2d 564 (1988). In *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 14 Ohio St.2d 146, 150, 351 N.E.2d 113 (1976), the Ohio Supreme Court held that to prevail on a Civ.R. 60(B) motion,

> the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶30} In the case at hand, the court granted summary judgment on August 11, 2016, and Marcia filed her notice of appeal on August 24, 2016. While this appeal was pending, on August 31, 2016, Marcia filed a pro se "60D motion fraud on the court." On September 6, 2016, Marcia's appeal was dismissed for failure to file a praecipe. On September 7, 2016, Marcia filed the praecipe in accordance with Loc.R. 9. On September 13, 2016, the trial court treated Marcia's "60(D)" motion[3] as a Civ.R. 60(B) motion for relief from judgment and denied it. On September 29, 2016, this court granted Marcia's pro se motion for reconsideration and vacated the dismissal of her

---

[3] There is no rule 60(D) in the Ohio Rules of Civil Procedure.

appeal.    On December 23, 2016, Marcia, this time acting through counsel, filed a motion for reconsideration of denial of Civ.R. 60(B) and supplemental motion for Civ.R. (60)(B) relief.    The trial court held this motion in abeyance pending this appeal.

{¶31} App.R. 3(D) requires an appellant to identify in his or her notice of appeal the judgment or journal entry being appealed.    *See also* Loc.App.R. 4(C) ("To appeal the ruling on the motion for relief from judgment, a party must file a notice of appeal from that ruling.").

{¶32} In   the   case   at   hand,   the   notice   of   appeal   identifies   the court's August 11, 2016 journal entry granting summary judgment to Cedar Creek and denying Marcia's motion for summary judgment.    Therefore, this court lacks jurisdiction to review the denial of Marcia's first motion for relief from judgment.    Furthermore, her second motion for relief from judgment is pending in the trial court, there is no final appealable order, and we lack jurisdiction to review it on the merits.    *See Howard v. Catholic Social Servs.*, 70 Ohio St.3d 141, 147, 637 N.R.2d 890 (1994) ("an appeal divests trial courts of jurisdiction to consider Civ.R.60(B) motions for relief from judgment").

{¶33} Marcia's third assigned error is overruled as this court lacks jurisdiction to consider the merits of her motions for relief from judgment.

## V.   Prejudgment Attachment

{¶34} Pursuant to R.C. 2715.01(A), the court may order attachment of a defendant's property upon commencement of a civil action under the following circumstances, pertinent to this case:

(6) That the defendant is about to remove property, in whole or part, out of the jurisdiction of the court, with the intent to defraud creditors;

(7) That the defendant is about to convert property, in whole or part, into money, for the purpose of placing it beyond the reach of creditors;

* * *

(10) That the defendant has fraudulently or criminally contracted the debt, or incurred the obligations for which suit is about to be or has been brought * * *.

{¶35} Under R.C. 2715.03, a motion for prejudgment attachment shall include an affidavit on behalf of the plaintiff, setting forth the following:

(A) The nature and amount of the plaintiff's claim, and if the claim is based upon a written instrument, a copy of that instrument;

(B) The facts that support at least one of the grounds for an attachment contained in section 2715.01 of the Revised Code;

(C) A description of the property sought and its approximate value, if known;

(D) To the best of the plaintiff's knowledge, the location of the property;

(E) To the best of the plaintiff's knowledge, after reasonable investigation, the use to which the defendant has put the property and that the property is not exempt from attachment or execution [and];

(F) If the property sought is in the possession of a third person, the name of the person possessing the property.

**{¶36}** Additionally, the court may issue an order of attachment without notice to the defendant or a hearing "if the court finds that there is probable cause to support the motion and that the plaintiff that filed for the motion for attachment will suffer irreparable injury if the order is delayed until the defendant against whom the motion has been filed has been given the opportunity for a hearing."   R.C. 2715.045(A).

**{¶37}** Cedar Creek attached to its motion the affidavit of William Heller, which stated, in part, as follows:   In late 2014, David and Marcia conspired to embezzle money from Cedar Creek by closing the company's bank account and        making    all    the proceeds payable to Marcia via a cashier's check.   The amount of the embezzlement is unknown, but is believed to be approximately $225,000.   Based on David and Marcia's conduct, it is reasonable to believe that Marcia will dispose of this money or make it somehow otherwise unavailable to Cedar Creek.

**{¶38}**    The court found that Cedar Creek was entitled to prejudgment attachment under R.C. 2715.01(A)(6), (7), and (10).   The court further found probable cause to support the motion and that Cedar Creek "will suffer irreparable injury in that the monies representing the proceeds of the Funds embezzled from Cedar Creek * * * are liquid" and in danger of being disposed of or concealed.

**{¶39}** On appeal, Marcia argues that the court erred when it granted prejudgment attachment without notice or a hearing, because "numerous of the sworn statements of William Heller upon which the Court relied were false at the time he signed his affidavit."  First, Marcia argues that Heller's affidavit refers to David in the present tense, although

Heller knew David was deceased. Second, the affidavit alleges that Marcia was in danger of disposing of the money, although Heller knew Marcia was in custody. Third, the affidavit alleges that Cedar Creek moved for prejudgment interest in the amount of $225,000, although Heller knew that the cashier's check at issue was for $202,173.73.

**{¶40}** Upon review, we find that these statements are either true or irrelevant to whether Cedar Creek satisfied the requirements of R.C. 2715.01, et seq.

**{¶41}** Finally, Marcia argues that "Heller was aware that $127,000 of the claimed $202,173.73, had already been wire transferred, at his and his attorneys' direction, to an account held by another entity." This argument was not raised in the trial court and is unsupported by any evidence in the record prior to Marcia's notice of appeal.[4] *See Honess v. Ghali,* 8th Dist. Cuyahoga No. 71518, 1997 Ohio App.LEXIS 3545 (Aug. 7, 1997) ("we must evaluate the trial court's decision based on the evidence as it existed at the time the decision was made").

**{¶42}** Upon review, we find that Cedar Creek presented sufficient evidence under R.C. 2715.03, which was unchallenged by Marcia. Accordingly, we cannot say that the court erred in granting Cedar Creek's motion for prejudgment attachment, and Marcia's fourth assigned error is overruled.

**{¶43}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

---

[4] Marcia argues that item 173, Exhibit No. 9, of the record supports this allegation. However, the record, at the time the notice of appeal was filed, consisted of 159 items. Documents Marcia filed after her notice of appeal were filed are not properly before this court.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

TIM McCORMACK, P.J., and
EILEEN T. GALLAGHER, J., CONCUR