[Cite as *White v. Cent. Ohio Gaming Ventures, L.L.C.*, 2019-Ohio-1078.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Darrell White, | : | |
| Plaintiff-Appellant, | : | No. 18AP-780 |
| | | (C.P.C. No. 17CV-3686) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Central Ohio Gaming Ventures, LLC, et al., | : | |
| Defendants-Appellees. | : | |

---

D E C I S I O N

Rendered on March 26, 2019

---

**On brief:** *Darrell White*, pro se.

**On brief:** *Ice Miller, LLP, John H. Oberle,* and *Kristina S. Dahmann*; *Dinsmore & Shohl, LLP, Alicia M. Stefanski,* and *Justin M. Burns*, for appellees.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Darrell White, appeals pro se from a judgment of the Franklin County Court of Common Pleas granting the motion for judgment on the pleadings pursuant to Civ.R. 12(C) filed by defendants-appellees, Central Ohio Gaming Ventures, LLC ("Gaming Ventures"), and Aristocrat Technologies, Inc. ("Aristocrat Technologies"). For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In April 2017, White filed a pro se complaint against appellees. White alleges that, while he was playing "The Big Bang Theory" game at the Hollywood Casino on March 20, 2017, the gaming machine alerted him that he had won a jackpot and there was a "flash a bunch of 2s with a bunch of comma's, and bunch of zero's into the definitive of

millions, 200 million point's, 200 million dollar's." (Sic.) (Apr. 19, 2017 Compl. at 2.) He notified casino personnel that he had won the game's jackpot, but he did not receive the jackpot payout. White further alleges that Aristocrat Technologies negligently manufactured the gaming machine, and that Gaming Ventures wrongfully rebooted and rigged the gaming machine thereby erasing his winnings.

{¶ 3} In June 2017, White filed a "Notice of Issue of Bias, Prejudice, and Deprivation of Genuine Material Fact, that Warrant's a Jury Trial for Conflict of Interest." (Sic.) White also filed a motion for "Request of Discover, Interragotories, Request of Admission, Deposition From Defendants." (Sic.) Then on July 11, 2017, White filed a "Motion Not to Strike Plaintiff's Opposition and Response to Defendant Aristocrat Technologies, Inc." On July 26, 2017, White filed the following additional motions: "Motion in Opposition to the Defendant Answers and Objectionable Affirmative Defenses of Defendant Central Ohio Gaming Ventures, LLC," "Motion for an Emergency Oral Argument on all the Conflict of Interest Issue's Involving the Entity Ohio Casino Control Commission Issues and Fact's Determination's," "Motion for A In Camera Inspection," and "Motion of Interragotories Pursuant to Civil Rules." (Sic.)

{¶ 4} On July 27, 2017, appellees filed a joint motion for judgment on the pleadings pursuant to Civ.R. 12(C). On August 4, 2017, appellees filed a joint motion to stay all discovery until the court ruled on appellees' pending motion for judgment on the pleadings. Three days later, the trial court granted appellees' request to stay discovery.

{¶ 5} In August 2017, White filed these additional motions: "Motion for Continuance," "Motion to Compel Defendant's to Answer the Requested and Filed Interragatories," "Motion to Supplement Motion of Interragatories via way of Unfair Surprise," "Motion to Joinder the Defendant's Insurance Co. and to Joinder the Ohio Control Casino Commission," and "Motion not to Dismiss Complaint and Favor Plaintiff in Pleadings." (Sic.)

{¶ 6} On September 14, 2017, the trial court issued a decision addressing all of the pending motions. The trial court denied White's June 2017 discovery motion, his motion for an in camera inspection, his motion for emergency oral argument, his motion regarding interrogatories, and his motion in opposition to Gaming Ventures answer. The trial court granted appellees' motion for judgment on the pleadings and therefore entered judgment

in favor of appellees. The court indicated that all remaining motions not specifically addressed in the decision were moot.

{¶ 7}  On October 12, 2018, White filed a notice of appeal.

## II. Assignments of Error

{¶ 8}  White assigns the following errors for our review:

> 1. Appellant contend the trial court was in error for staying discovery prior to decision, this bias and prejudice the results, adversly, specifically judgment
>
> 2. Appellant contend the trial court was in error denying interoggatories prior to decision, this bias and prejudice the adverse results specifically judgment
>
> 3. Appellant contend the trial court was in error denying request of admissions prior to decision, this bias and prejudice the adverse results, specifically judgment
>
> 4. Appellant contend the trial court was in error denying production of documents prior to decision, this bias and prejudice the adverse results, specifically judgment
>
> 5. Appellant contend the trial court was in error for the appellant relief in claim, this prejudice and bias the adverse results, specifically judgment
>
> 6. Appellant contends the trial court was in error striking and mooting all appellant's motion's, without ground's and cause prior to decion this prejudice and bias adverse results, specifically judgment
>
> 7. Appellant contend the trial court was in error not joing the Ohio casino control commission prior to decision this prejudice and bias adverse results, specifically judgment
>
> 8. Appellant contend the trial court erroed not having a trial on triable issues, bias and prejudice results
>
> 9. Appellant contend the trial court error not dismissing case with or without prejudice biasly prejudicing appellant right's specifically not a final appealable order

(Sic passim.)

## III. Discussion

{¶ 9} Before analyzing White's assignments of error, we must first address a jurisdictional issue raised by appellees. Appellees argue this appeal should be dismissed on jurisdictional grounds because White did not file a timely notice of appeal.

{¶ 10} "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App.R. 3(A). Pursuant to App.R. 4(A)(1), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." The timing requirement of App.R. 4(A)(1) is subject to App.R. 4(A)(3), which provides that, "[i]n a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day period[ ] * * * begin[s] to run on the date when the clerk actually completes service." "Upon serving the notice and notation of the service in the appearance docket, the service is complete." Civ.R. 58(B). For the purpose of these rules, service is only considered complete with "service and notation of service on the docket by the clerk of courts regardless of actual knowledge by the parties." *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, ¶ 11. Thus, the clerk's failure to complete service within three days of a final order's entry tolls the 30-day appeal period until service is accomplished. But if the clerk timely complies with Civ.R. 58(B), then the 30-day appeal period begins to run on the date of the final order's entry. *Gallick v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 15AP-182, 2018-Ohio-818, ¶ 13.

{¶ 11} When an appellant fails to meet the timing requirements of App.R. 4, the court of appeals lacks jurisdiction to hear the appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17. A court of appeals without jurisdiction must dismiss the appeal since the court does not have the power or authority to review the issues involved. *Ahmed v. McCort*, 7th Dist. No. 02 BA 8, 2003-Ohio-6002, ¶ 11.

{¶ 12} Here, the trial court filed its judgment entry on September 14, 2017. However, the clerk of courts did not note service of the trial court's judgment on the docket. Because the clerk did not complete service as required by Civ.R. 58(B), White's time to appeal never expired under App.R. 4(A). Thus, his notice of appeal filed on October 12, 2018 was timely, and we have jurisdiction. *State v. Barber*, 10th Dist. No. 16AP-172, 2017-Ohio-9257, ¶ 15.

{¶ 13} We now turn to the merits of White's appeal.  His first, second, third, and fourth assignments of error each pertain to discovery, and therefore we address them together.  In his first assignment of error, White asserts the trial court erred in staying discovery pending its decision on appellees' motion for judgment on the pleadings.  His second, third, and fourth assignments of error allege the trial court erred in denying his June 2017 request for interrogatories, admissions, and production of documents.

{¶ 14} An appellate court reviews a trial court's resolution of discovery matters under the abuse of discretion standard.  *Jacobs v. Jones*, 10th Dist. No. 10AP-930, 2011-Ohio-3313, ¶ 55.  The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 15} Here, at appellees' request, the trial court stayed discovery pending its decision on appellees' motion for judgment on the pleadings.  This action by the trial court was reasonable because appellees' motion for judgment on the pleadings was a dispositive motion, and staying discovery in this context relieves the parties of incurring unnecessary expenses if the dispositive motion is granted.  *Thomson v. Ohio Dept. of Rehab. & Correction*, 10th Dist. No. 09AP-782, 2010-Ohio-416, ¶ 32; *Watley v. Wilkinson*, 10th Dist. No. 03AP-1039, 2004-Ohio-5062, ¶ 18.

{¶ 16} White's challenge to the trial court's denial of his June 2017 request to compel discovery is also unpersuasive.  Pursuant to Civ.R. 26(A), parties to a lawsuit may obtain discovery from each other by various methods, including depositions, interrogatories, production of documents, examinations, and requests for admission.  Civ.R. 37(A) authorizes a party to move for a court order compelling discovery.  This rule requires that the motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action."  Civ.R. 37(A)(1).  "It is axiomatic that a party must first request discovery before asking the court to compel it."  *Cedar Creek Mall Properties, L.L.C. v. Krone*, 8th Dist. No. 104863, 2017-Ohio-7884, ¶ 27.  Here, the trial court properly denied White's June 2017 request to compel discovery because he presented no documentation to demonstrate appellees had failed to comply with proper discovery requests.

{¶ 17} For these reasons, we overrule White's first, second, third, and fourth assignments of error.

{¶ 18} For ease of discussion, we resolve White's remaining assignments of error out of order. White's seventh assignment of error alleges the trial court erred in not joining the Ohio Casino Control Commission as a defendant in this matter. On August 25, 2017, White filed a "Motion to Joinder the Defendant's Insurance Co. and to Joinder the Ohio Control Casino Commission." (Sic.) Upon granting judgment in favor of appellees, the trial court found this motion to be moot. In this appeal, White does not explain why the trial court's disposition of his claims against appellees did not moot his request for joinder of the Casino Control Commission. However, based on our review of White's request, it appears he was seeking to amend his pleadings to include one or more claims for damages against the Casino Control Commission. Regardless, such an amendment would be inappropriate because the Ohio Court of Claims has exclusive jurisdiction over civil actions against the state for money damages that sound in law. *B.H. v. State Dept. of Adm. Servs.*, 10th Dist. No. 16AP-747, 2017-Ohio-9030, ¶ 17. Thus, even if White's motion to add the Casino Control Commission as a defendant was not technically mooted by the trial court's disposition of his claims against appellees, White was not prejudiced by this action.

{¶ 19} Accordingly, we overrule White's seventh assignment of error.

{¶ 20} White's eighth assignment of error contends the trial court erred in not holding a trial in this matter. This contention is meritless because the trial court granted appellees' motion for judgment on the pleadings pursuant to Civ.R. 12(C). This rule states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12(C). When presented with such a motion, a court must construe all the material allegations of the complaint as true, and must draw all reasonable inferences in favor of the nonmoving party. *Zhelezny v. Olesh*, 10th Dist. No. 12AP-681, 2013-Ohio-4337, ¶ 8. Therefore, a Civ.R. 12(C) motion "tests the allegations of the complaint and presents a question of law." *Id.* at ¶ 9. The trial court's granting of appellees' Civ.R. 12(C) motion precluded any necessity for it to hold a trial.

{¶ 21} Therefore, we overrule White's eighth assignment of error.

{¶ 22} In his ninth assignment of error, White contends the trial court erred in not specifying whether it was dismissing his complaint with or without prejudice. In granting

appellees' Civ.R. 12(C) motion, the trial court ruled on the merits of the action, and therefore its dismissal of the action was necessarily with prejudice. *Madeira ex rel. Oppenheimer v. Madeira*, 1st Dist. No. C-160762 (Oct. 27, 2017).

{¶ 23} Accordingly, we overrule White's ninth assignment of error.

{¶ 24} White's fifth and sixth assignments of error generally allege the trial court erred in striking or mooting his motions, and in not granting him the relief he requested.

{¶ 25} Appellant bears the burden of affirmatively demonstrating error on appeal. *Taneff v. Lipka*, 10th Dist. No. 18AP-291, 2019-Ohio-887, ¶ 37. The appellant, not this court, must construct the legal arguments in support of his assignments of error. *Cook v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-852, 2015-Ohio-4966, ¶ 40; *Angus v. Angus*, 10th Dist. No. 14AP-742, 2015-Ohio-2538, ¶ 10. Thus, "[i]f an argument exists supporting an assignment of error, 'it is not this court's duty to root it out.' " *Reid v. Plainsboro Partners, III*, 10th Dist. No. 09AP-442, 2010-Ohio-4373, ¶ 22, quoting *State v. Breckenridge*, 10th Dist. No. 09AP-95, 2009-Ohio-3620, ¶ 10. Here, White's fifth and sixth assignments of error are not supported in his brief by any specific arguments developing these general contentions of trial court error.

{¶ 26} Because White has not met his burden of affirmatively demonstrating the errors alleged, we overrule his fifth and sixth assignments of error.

## IV. Disposition

{¶ 27} Having overruled all nine of White's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER and BEATTY BLUNT, JJ., concur.

_____